TODD C. TORAL, State Bar No. 197706
ttoral@nixonpeabody.com
STEPHANIE KARNAVAS, State Bar No. 255596
skarnavas@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, California 94111-3600
Telephone: (415) 984-8200
Fax:  (415) 984-8300

W. SCOTT O'CONNELL (of counsel – not yet admitted)
soconnell@nixonpeabody.com
COURTNEY BROOKS, State Bar No. 215127
NIXON PEABODY LLP
900 Elm Street
Manchester, NH 04101-2031
Telephone: (603) 628-4000
Fax: (603) 628-4040

Attorneys for Defendant
KEYBANK, NATIONAL ASSOCIATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW C. KILGORE, individually and on behalf of all others similarly situated; WILLIAM BRUCE FULLER, individually and on behalf of all others similarly situated; KEVIN WILHELMY, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>KEYBANK, NATIONAL ASSOCIATION, a national banking association organized under the laws of the United States of America and successor in interest to KEYBANK USA, N.A.; KEY EDUCATION RESOURCES, a division of KEYBANK, NATIONAL ASSOCIATION; GREAT LAKES EDUCATIONAL LOAN SERVICES, INC., a Wisconsin corporation; STUDENT LOAN XPRESS, a Delaware corporation; AMERICAN EDUCATION SERVICES, form of entity unknown; DOES 1-25,<br><br>    Defendants. | Case No. C08-02958 JL ADR<br><br>**CERTIFICATE OF SERVICE OF NOTICE TO STATE COURT AND PLAINTIFFS OF REMOVAL OF CIVIL ACTION** |

11054773.1

I, John Zic, certify and declare:

1.      I am over the age of 18 years and not a party to this action;

2.      My business address is Nixon Peabody LLP, One Embarcadero Center, 18th Floor, San Francisco, California 94111, which is located in the City and County of San Francisco in the State of California, where the mailing described below took place;

3.      On June 13, 2008 I caused to be served via U.S. Mail a true and exact copy of the Notice to State Court and Plaintiffs of Removal of Civil Action upon counsel of record for plaintiffs and defendants as follows:

**ATTORNEYS OF RECORD:**

| Andrew A. August<br>Kevin F. Rooney<br>PINNACLE LAW GROUP LLP<br>425 California Street, Ste. 1800<br>San Francisco, CA 94104 | Attorneys for plaintiffs<br><br>Telephone: 415-394-5700<br>Facsimile: 415-394-5003 |
|---|---|
| Jennifer Altfeld Landau<br>Sidley Austin LLP<br>555 West Fifth Street, Ste. 4000<br>Los Angeles, California 90013 | Attorneys for Student Loan Xpress<br><br>Telephone: 213-896-6661<br>Facsimile: 213-896-6600<br>jlandau@sidley.com |
| Anne G. Grimaldi<br>McKenna Long & Aldridge LLP<br>101 California Street, 41st Floor<br>San Francisco, CA 94111 | Attorneys for American Education Services<br><br>Telephone: 415-267-4104<br>Facsimile: 415-267-4198 |
| Ann U. Smith<br>John N. Giftos<br>Michael Best & Friedrich LLP<br>One South Pinckney Street, Ste. 700<br>Madison, WI 53703 | Attorneys for Great Lakes Educational Loan Services, Inc.<br><br>Telephone: 608-257-3501<br>Facsimile: 608-283-2275<br>ausmith@michaelbest.com<br>jngiftos@michaelbest.com |

4.      A true and exact copy of the court-conformed Notice to State Court and Plaintiffs of Removal of Civil Action is attached to this Certificate as Exhibit A.

**PROOF OF SERVICE**

5.      On June 16, 2008, I served this Certificate of Service of Notice to State Court and Plaintiffs of Removal of Civil Action on the parties stated above, through their attorneys of record

1   whose addresses are listed above, by placing true copies thereof in a sealed envelope addressed as

2   shown above by the following means of service: First Class Mail.

3        6.     I am readily familiar with the firm's practice for collection and processing of

4   correspondence for mailing.  Under that practice, the correspondence is deposited with the United

5   States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in

6   the City and County of San Francisco, California, for mailing to the office of the addressee following

7   ordinary business practices.

8        I CERTIFY and declare under penalty of perjury that the foregoing is true and correct.

9        EXECUTED this 16th day of June, 2008, at San Francisco, California.

12       John Zic

# EXHIBIT A
to Certificate of Service

1  TODD C. TORAL (State Bar No. 197706)
   ttoral@nixonpeabody.com
2  STEPHANIE KARNAVAS (State Bar No. 255596)
   skarnavas@nixonpeabody.com
3  NIXON PEABODY LLP
   One Embarcadero Center, 18th Floor
4  San Francisco, CA 94111-3996
   Telephone: (415) 984-8200
5  Facsimile: (415) 984-8300

6  W. SCOTT O'CONNELL (of counsel -- not yet admitted)
   soconnell@nixonpeabody.com
7  COURTNEY BROOKS (State Bar No. 215127)
   brooks@nixonpeabody.com
8  NIXON PEABODY LLP
   900 Elm Street
9  Manchester, NH 03101-2031
   Telephone:  (603) 628-4000
10 Facsimile:  (603) 628-4040

11 Attorneys for Defendant
   KEYBANK, NATIONAL ASSOCIATION

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13              COUNTY OF ALAMEDA – UNLIMITED JURISDICTION

14

15 MATTHEW C. KILGORE, individually and on        CASE NO. RG08386980
   behalf of all others similarly situated; WILLIAM
16 BRUCE FULLER, individually and on behalf of     **NOTICE TO STATE COURT AND**
   all others similarly situated; KEVIN            **PLAINTIFFS OF REMOVAL OF CIVIL**
17 WILHELMY, individually and on behalf of all     **ACTION UNDER 28 U.S.C. §§ 1331, 1332,**
   others similarly situated;                      **1441, 1446, AND 1453 (FEDERAL**
18                                                 **QUESTION, DIVERSITY, AND CAFA**
                         Plaintiffs,               **JURISDICTION)**
19
                vs.
20
   KEYBANK, NATIONAL ASSOCIATION, a
21 national banking association organized under the
   laws of the United States of America and
22 successor in interest to KEYBANK USA, N.A.;
   KEY EDUCATION RESOURCES, a division of
23 KEYBANK NATIONAL ASSOCIATION;
   GREAT LAKES EDUCATIONAL LOAN
24 SERVICES, INC., a Wisconsin Corporation;
   STUDENT LOAN XPRESS, a Delaware
25 Corporation; AMERICAN EDUCATION
   SERVICES, form of entity unknown, and Does 1-
26 25,

27                       Defendants.

28

---

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C.                              11043762.1
§§ 1331, 1332, 1441 AND 1446 (FEDERAL QUESTION AND
DIVERSITY JURISDICTION) CASE NO. RG08386980

ENDORSED
FILED
ALAMEDA COUNTY

JUN 1 3 2008

CLERK OF THE SUPERIOR COURT
By _____ S. Halcrombe _____
                          Deputy

1  **TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD, AND TO THE CLERK**

2  **OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE**

3  **COUNTY OF ALAMEDA:**

4     PLEASE TAKE NOTICE THAT Defendants KEYBANK, NATIONAL ASSOCIATION and

5  KEY EDUCATION RESOURCES have filed a Notice of Removal of Action under 28 U.S.C.

6  sections 1331, 1332, 1441,1446 and 1453 in the United States District Court for the Northern District,

7  a copy of which is attached hereto as Exhibit A.

8     Pursuant to 28 U.S.C. section 1446(d), when a defendant files a Notice of Removal to federal

9  court, "the defendant or defendants shall give written notice thereof to all adverse parties and shall

10 file a copy of the notice with the clerk of such State court, which shall effect removal and the State

11 court shall proceed no further unless and until the case is remanded." Accordingly, the Alameda

12 County Superior Court no longer has jurisdiction over this action  and all further proceedings must be

13 conducted in the federal court.

14

15 Date: June 13, 2008                         Respectfully submitted,

16                                             NIXON PEABODY LLP

17

18                                             TODD C. TORAL
                                               STEPHANIE KARNAVAS
19                                             NIXON PEABODY LLP
                                               One Embarcadero Center, 18th Floor
20                                             San Francisco, CA 94111-3996
                                               Telephone:  (415) 984-8200
21                                             Fax:  (415) 984-8300

22                                             W. SCOTT O'CONNELL (of counsel)
                                               COURTNEY BROOKS
23                                             Nixon Peabody LLP
                                               900 Elm Street
24                                             Manchester, NH 03101-2031
                                               Telephone:  603-628-4000
25                                             Fax:  603-628-4040

26                                             Attorneys for Defendant
                                               KEYBANK NATIONAL ASSOCIATION

27

28

---

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C.      -2-
§§ 1331, 1332, 1441 AND 1446 (FEDERAL QUESTION AND
DIVERSITY JURISDICTION) CASE NO. RG08386980                        11043762.1

**Exhibit A**
to Notice to State Court and
Plaintiffs of Removal of Civil Action



1  TODD C. TORAL (State Bar No. 197706)
   ttoral@nixonpeabody.com
2  STEPHANIE KARNAVAS (State Bar No. 255596)
   skarnavas@nixonpeabody.com
3  NIXON PEABODY LLP
   One Embarcadero Center, 18th Floor
4  San Francisco, CA 94111-3996
   Telephone: (415) 984-8200
5  Facsimile: (415) 984-8300

6  W. SCOTT O'CONNELL (of counsel -- not yet admitted)
   soconnell@nixonpeabody.com
7  Courtney Brooks (State Bar No. 215127)
   cbrooks@nixonpeabody.com
8  NIXON PEABODY LLP
   900 Elm Street
9  Manchester, NH 03101-2031
   Telephone:  (603) 628-4000
10 Facsimile:  (603) 628-4040

11 Attorneys for Defendant
   KEYBANK, NATIONAL ASSOCIATION
12

ORIGINAL
FILED

JUN 1 3 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

ADR

13            UNITED STATES DISTRICT COURT

14          NORTHERN DISTRICT OF CALIFORNIA

15              (OAKLAND DIVISION)

16 MATTHEW C. KILGORE, individually and on       CASE NO.:  C08-02958  JL
   behalf of all others similarly situated; WILLIAM
17 BRUCE FULLER, individually and on behalf of     NOTICE OF REMOVAL OF CIVIL
   all others similarly situated; KEVIN            ACTION UNDER 28 U.S.C. §§ 1331, 1332,
18 WILHELMY, individually and on behalf of all     1441, 1446, AND 1453 (FEDERAL
   others similarly situated;                      QUESTION, DIVERSITY, AND CAFA
19                                                  JURISDICTION); DECLARATIONS OF
20                         Plaintiffs,             DEANN M. SZELPAL AND SHAWN
                                                   BALDWIN IN SUPPORT THEREOF
21         vs.

22 KEYBANK, NATIONAL ASSOCIATION, a
   national banking association organized under the
23 laws of the United States of America and
   successor in interest to KEYBANK USA, N.A.;
24 KEY EDUCATION RESOURCES, a division of
   KEYBANK NATIONAL ASSOCIATION;
25 GREAT LAKES EDUCATIONAL LOAN
   SERVICES, INC., a Wisconsin corporation;
26 STUDENT LOAN XPRESS, a Delaware
   corporation; AMERICAN EDUCATION
27 SERVICES, form of entity unknown, and Does 1-
   25,
28
                          Defendants.

NOTICE OF REMOVAL OF CIVIL ACTION

11050899.1

1    TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD, AND TO THE UNITED

2    STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

3        Defendants KEYBANK, NATIONAL ASSOCIATION and KEY EDUCATION

4    RESOURCES, which is an unincorporated division of KeyBank, National Association having no

5    separate legal existence, hereby give notice of the removal of the above-entitled civil action from the

6    Superior Court of the State of California in and for the County of Alameda to the United States

7    District Court for the Northern District of California (KeyBank, National Association and Key

8    Education Resources are hereinafter referred to together as "KeyBank"). In support of this Notice,

9    KeyBank states as follows:

10                        **REMOVAL JURISDICTION**

11       1.    This Court has federal question jurisdiction under 28 U.S.C. § 1331, diversity

12   jurisdiction under 28 U.S.C. § 1332(a), and diversity jurisdiction under 28 U.S.C. § 1332(d) of the

13   Class Action Fairness Act of 2005 ("CAFA"). This action is removable pursuant to 28 U.S.C.

14   §§ 1441, 1446, and 1453.

15                     **SUMMARY OF ALLEGATIONS**

16       2.    In this putative class action, Plaintiffs assert claims for alleged violations of

17   California's Unfair Business Practices Act ( "UCL")(Cal. Bus. & Prof. Code § 17200 *et seq.*), for

18   aiding and abetting fraud, and for alleged violations of the Racketeering Influenced and Corrupt

19   Organization Act ("RICO") (18 U.S.C. § 1962, *et seq.*). Plaintiffs' claims arise out of the closure

20   and subsequent bankruptcy of Silver State Helicopter ("SSH") schools in February 2008. Plaintiffs

21   seek equitable relief excusing themselves and members of the putative class from any duty to repay

22   student loans obtained to attend SSH schools, injunctive relief to prevent purportedly unfair business

23   practices by Defendants, attorneys' fees, and "such other and further relief as the Court may deem

24   proper."

25       3.    The named Plaintiffs purport to represent two subclasses of persons:

26       **KeyBank Proposed Class**

27       Only California residents who 1) enrolled in SSH; 2) either borrowed
    their SSH tuition from KeyBank or co-signed on behalf of such a

28       borrower; 3) executed a "Master Student Loan Promissory Note" (or

similarly titled agreement) that failed to contain the "Holder Rule Notice" required by 16 C.F.R. § 433.2; 4) failed to complete their SSH educational program prior to SSH filing bankruptcy; and 5) remain obligated to KeyBank on their Note in a principal amount (i.e., exclusive of interest and costs) less than $75,000.

**SLX/AES Proposed Class**

Only California residents who 1) enrolled in SSH; 2) either borrowed their SSH tuition from SLX/AES (or their predecessors in interest) or co-signed on behalf of such a borrower; 3) executed an "Application/Master Promissory Note" (or similarly titled agreement) that failed to contain the "Holder Rule Notice" required by 16 C.F.R. § 433.2; 4) failed to complete their SSH educational program prior to SSH filing bankruptcy; and 5) remain obligated to SLX/AES on their Note in a principal amount (i.e., exclusive of interest and costs) less than $75,000.

*See* Second Amended Complaint ("SAC") at ¶ 25. A true and correct copy of the SAC, along with Plaintiffs' Ex Parte Application For Leave to File Second Amended Complaint, Rooney's Declaration in support thereof and Order Granting Plaintiffs' Leave to File Second Amended Complaint is attached hereto as Exhibit D.

4. KeyBank generally denies the allegations made by Plaintiffs, disputes the claims asserted by Plaintiffs, and disputes that Plaintiffs are entitled to any relief on an individual or classwide basis. KeyBank discusses the allegations and claims made by Plaintiffs herein solely to demonstrate the propriety of removal.

## ORIGINAL JURISDICTION

5. *Federal Question Jurisdiction*: Plaintiffs have asserted a cause of action under 18 U.S.C. § 1962 *et seq.* for alleged violations of RICO. As a result, this Court has original jurisdiction under 28 U.S.C. § 1331, and this action is removable under 28 U.S.C. § 1441(b). *See, e.g., Emrich v. Touche & Ross Co*, 846 F.2d 1190, 1196-97 (9th Cir. 1998) (RICO claim arises "under the laws of the United States").

6. *Diversity Jurisdiction*: Original jurisdiction also exists under 28 U.S.C. § 1332(a) because the named Plaintiffs and Defendants are citizens of different states, and the amount in controversy exceeds $75,000. Thus, this action is also removable under 28 U.S.C. § 1441(a).

a. *Citizenship of Plaintiffs*: Plaintiffs were at the time of the filing of this action, and still are, citizens of the State of California. The "citizenships of [the] unnamed class members is

1    disregarded" for purposes of determining diversity jurisdiction. *Gibson v. Chrysler Corp.*, 261 F.3d

2    927, 931 n.2 (9th Cir. 2001).

3           *b.*    *Citizenship of Defendants*:  The named Defendants were at the time of the

4    filing of this action, and remain, citizens of Delaware, Ohio, Pennsylvania, New Jersey, and

5    Wisconsin.

6           *i.*    *American Education Services* ("AES"):  AES was at the time of filing

7    of this action, and still is an unincorporated division of the Pennsylvania Higher Education

8    Assistance Agency ("PHEAA").  PHEAA is incorporated under the laws of the State of Delaware

9    and has its principal place of business in Pennsylvania.  AES thus is a citizen of Delaware and

10   Pennsylvania. *See Breitman v. May Co. Cal.*, 37 F.3d 562, 564 (9th Cir. 1994).

11          *ii.*    *Great Lakes Educational Loan Services, Inc.* ("Great Lakes"):  Great

12   Lakes was at the time of filing of this action, and remains, a corporation incorporated under the laws

13   of the State of Wisconsin and has its principal place of business in Wisconsin.  Great Lakes is thus a

14   citizen of Wisconsin. 28 U.S.C. § 1332(c)(1).

15          *iii.*    *KeyBank, National Association*:  KeyBank was at the time of filing of

16   this action, and remains, a national banking association.  For purposes of diversity jurisdiction, a

17   national banking association is a citizen of the state in which its main office, as set forth in its

18   articles of association, is located. 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303

19   (2006).  KeyBank's main office is located in the State of Ohio; thus, KeyBank is a citizen of Ohio.

20          *iv.*    *Key Education Resources*:  Key Education Resources was at the time

21   of filing of this action, and remains, an unincorporated division of KeyBank, National Association.

22   As an unincorporated division of KeyBank, Key Education Resources also is a citizen of Ohio. *See*

23   *Breitman*, 37 F.3d at 564.

24          *v.*    *Student Loan Xpress, Inc.* ("SLX"):  SLX was at the time of filing of

25   this action, and remains, a corporation incorporated under the laws of the State of Delaware.  SLX

26   represents that Plaintiffs have erroneously alleged that it has its principal place of business in

27   California, when in actuality SLX's principal place of business is in the State of New Jersey. 28

28   U.S.C. § 1332(c)(1); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (removing

1  party "merely required to allege (not to prove) diversity" of citizenship in notice of removal). Thus

2  SLX is a citizen of Delaware and New Jersey.

3        *c.*     *Amount in Controversy*: This Court's jurisdictional minimum, an amount in

4  controversy in excess of $75,000, was satisfied at the time of the filing of this action, and remains

5  satisfied. Defendants discuss below the allegations in Plaintiffs' SAC solely to demonstrate that the

6  amount in controversy in this matter exceeds $75,000, exclusive of interest and costs. In doing so,

7  Defendants do not admit that Plaintiffs are entitled to the relief sought or that Plaintiffs will recover

8  under any of their theories.

9        The Court may look to the removal papers for underlying facts establishing the jurisdictional

10  limit when the amount is not apparent on the face of the complaint. *Singer v. State Farm Mut. Auto.*

11  *Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R.H. Oil and Gas Co.*, 63 F.3d 1326

12  (5th Cir. 1995)). Where, as here, the pleadings fail to specify the "amount in controversy," a

13  removing party need only show by a preponderance of the evidence – i.e., that it is "more likely than

14  not" – that the claims asserted by *one* of the named plaintiffs exceeds the jurisdictional minimum.

15  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *accord Guglielmino v.*

16  *McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). *See also Exxon Mobil Corp. v. Allapattah*

17  *Servs., Inc.*, 545 U.S. 546, 558-59 (2005)(28 U.S.C. § 1367 confers supplemental jurisdiction over

18  all claims that arise out of the same case or controversy, including those that do not independently

19  satisfy the amount in controversy requirement); *accord Gibson v. Chrysler Corp.*, 261 F.3d at 940-

20  41("original jurisdiction . . . refers to jurisdiction established by looking for any claim in the

21  complaint over which there is subject matter jurisdiction."); *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997,

22  1002, 1004-08 (9th Cir. 2001) (holding district court could not remand action that included a claim

23  within its diversity jurisdiction).

24        Here, the record demonstrates that the amount in controversy more likely than not exceeds

25  the $75,000 jurisdictional minimum for each of the named Plaintiffs because, "[i]n actions seeking

26  declaratory or injunctive relief, it is well established that the amount in controversy is measured by

27  the value of the object of the litigation," which, in this case, would include the value of the

28  injunctive relief Plaintiffs seek. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). In a case

NOTICE OF REMOVAL OF CIVIL ACTION    - 5 -     11050899.1

1    involving multiple plaintiffs seeking equitable relief, the proper test for determining the amount in

2    controversy is to measure the cost to defendants of an injunction running in favor of one plaintiff.

3    *See In re Ford Motor Co.*, 264 F.3d 952, 959 (9th Cir 2001). Specifically, where, as here, a party

4    seeks to avoid repayment of a loan, "the financial benefit of not having to pay the interest contracted

5    to be charged [ ] may also be considered in calculating the amount in controversy." *Ericsson GE*

6    *Mobile Commc'ns, Inc. v. Motorola Commc'ns and Elecs., Inc.*, 120 F.3d 216, 220 (11th Cir.

7    1997)(explaining the holding of *Duderwicz v. Sweetwater Sav. Ass'n*, 595 F.2d 1008, 1014 (5th Cir.

8    1979)); *Duderwicz*, 595 F.2d at 1014 (holding amount-in-controversy requirement satisfied in part

9    due to plaintiffs' demands for "forfeiture of all interest . . . contracted to be charged under the

10   notes"); *Assanti v. Uliyanchencko*, No. SACV 07-01122-CJC, 2008 U.S. Dist. LEXIS 39525 (C.D.

11   Cal. May 12, 2008) (noting in its analysis of the amount in controversy that plaintiffs did "not allege

12   that the contract called for Defendants to repay any additional monies beyond the principal amount

13   of the loan."); *Hardy v. Jim Walter Homes, Inc.*, No. 06-0687-WS-B, 2007 WL 1889896, at *6 (S.D.

14   Ala. 2007) (counting debt forgiveness for purposes of amount-in-controversy requirement).

15   Therefore, the cost of the injunction includes not only the "principal" amount of the loans, but also

16   the interest that has accrued under the terms of the contract to date, as well as the future interest

17   contemplated under the terms of the contract, that is lost.

18           *i.*     *Plaintiff Kevin Wilhelmy*: The original balance of the loan obtained by

19   Plaintiff Wilhelmy from SLX was $71,298. Declaration of Deann M. Szelpal ¶ 4 ("Szelpal Decl."),

20   attached hereto as Exhibit A. At the time of removal, Plaintiff Wilhelmy owes approximately

21   $79,691. *Id.* at ¶ 5. Complete forgiveness of this indebtedness, inclusive of all monthly payments

22   scheduled over the twenty-year term of the loan, would mean that Plaintiff Wilhelmy would avoid

23   payments in excess of $100,000. *Id.* at ¶ 6.

24           *ii.*     *Plaintiff Matthew C. Kilgore*: The original balance of the loan

25   obtained by Plaintiff Kilgore from KeyBank was $55,950.00. Declaration of Shawn Baldwin ¶ 3

26   ("Baldwin Decl."), attached hereto as Exhibit B. At the time of removal, Plaintiff Kilgore owes

27   $70,384.97. *Id.* at ¶ 5. Complete forgiveness of this indebtedness, inclusive of all interest and fees

28

1    incurred to date and due over the life of the loan, would mean that Plaintiff Kilgore would avoid

2    payments in excess of $100,000. *Id.* at ¶ 6.

3                    *iii.    Plaintiff William Bruce Fuller*: The original balance of the loan

4    obtained by Plaintiff Fuller from KeyBank was $55,950.00. Baldwin Decl. ¶ 7. At the time of

5    removal, Plaintiff Fuller owes $71,387.08. *Id.* at ¶ 9. Complete forgiveness of this indebtedness,

6    inclusive of all interest and fees incurred to date and due over the life of the loan, would mean that

7    Plaintiff Fuller would avoid payments in excess of $100,000. *Id.* at ¶ 10.

8                    *iv.    Additional amounts in controversy*: Plaintiffs seek other forms of

9    equitable and injunctive relief, including injunctive relief that would require Defendants to modify

10   their business practices, which further increase the amount in controversy. *See Cohn*, 281 F.3d at

11   840; *see also Sanchez*, 402 F.3d at 403-4. In addition, Plaintiffs assert a right to recover attorneys'

12   fees pursuant to California Code of Civil Procedure § 1021.5 and 18 U.S.C. § 1964(c). Where, as

13   here, a party alleges that a statute authorizes attorneys' fees, a reasonable estimate of likely fees

14   counts toward the amount in controversy requirement. *See Galt G/S v. JSS Scandinavia*, 142 F.3d

15   1150, 1155-56 (9th Cir. 1998)("...where an underlying statute authorizes an award of attorneys' fees,

16   either with mandatory or discretionary language, such fees may be included in the amount in

17   controversy."); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004 (N.D. Cal. 2002)("a

18   reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly

19   sought by the plaintiff and thus contributes to the amount in controversy."); *Simmons v. PCR Tech.*,

20   No. C 02-1504 MHP, 2002 U.S. Dist. LEXIS 11893, at *13-14 (N.D. Cal. Mar. 28, 2002). Here,

21   attorneys' fees could be substantial if Plaintiffs successfully argued entitlement to fees and costs

22   under the relevant fee statutes.

23           7.    *CAFA Diversity Jurisdiction*. Finally, original jurisdiction exists under CAFA

24   because the amount in controversy exceeds the sum or value of $5,000,000, and at least one of the

25   named Plaintiffs is a citizen of a different state than at least one of the named Defendants. 28 U.S.C.

26   § 1332(d)(2).

27

28

NOTICE OF REMOVAL OF CIVIL ACTION            - 7 -                              11050899.1

1            a.      *Class action.* This action is a "class action" within the meaning of CAFA as it

2    is brought under a "State statute or similar rule of judicial procedure authorizing an action to be

3    brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

4            b.      *Diversity of Citizenship.* CAFA requires only minimal diversity, namely that

5    "any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ." 28

6    U.S.C. § 1332(d)(2)(A). Here, as explained above, this requirement is not only met, but exceeded,

7    because there is complete diversity of citizenship between the named Plaintiffs and Defendants.

8            c.      *Size of putative class.* CAFA requires that "the number of members of all

9    proposed plaintiff classes in the aggregate" be at least 100. 28 U.S.C. § 1332(d)(5)(B). Here, the

10   putative subclass asserted against SLX alone exceeds 200 persons. *See* Szelpal Decl. ¶ 8.

11           d.      *Amount-in-controversy.* CAFA requires that the "aggregate[]" "matter in

12   controversy exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C.

13   § 1332(d)(2) & (6). Here, Plaintiffs seek to avoid repayment of loans. The aggregate original

14   principal amount of all loans to members of the putative subclass asserting claims against Defendant

15   SLX alone exceeds more than $10,000,000. *See* Szelpal Decl. ¶ 9. *See Abrego Abrego v. The Dow*

16   *Chemical Co.*, 443 F.3d 676, 683, 692 (9th Cir. 2006)(defendant seeking removal pursuant to CAFA

17   must prove by a preponderance of the evidence that the amount in controversy requirement has been

18   met when the complaint does not specify the amount of damages sought.")

19           e.      *Exceptions to CAFA removal not applicable.* The exercise of original

20   jurisdiction under CAFA is mandatory where, as here, none of the primary Defendants is a "citizen[]

21   of the State in which the action was originally filed . . . ." 28 U.S.C. § 1332(d)(3)-(4). Furthermore,

22   this action does not (i) concern "a covered security as defined under 16(f)(3) of the Securities Act of

23   1933 (15 U.S.C. 78p(f)(3)) and section 28(f)(5)(E) of the Securities Exchange Act of 1934 (15

24   U.S.C. 78bb(f)(5)(E))," (ii) relate "to the internal affairs or governance of a corporation or other

25   form of business enterprise," or (iii) relate to the "rights, duties (including fiduciary duties), and

26   obligations relating to or created by or pursuant to any security . . . ." 28 U.S.C. § 1332(d)(9)(A)-

27   (C).

28

1         *f.*    *Consent not required.* Though all named Defendants in this action have

2 consented to removal in writing, CAFA authorizes removal "without the consent of all defendants."

3 28 U.S.C. § 1453(b).

4

5 **INTRADISTRICT ASSIGNMENT**

6      8.    Venue is proper in the Oakland Division of this Court under 28 U.S.C. § 1441(a) and

7 because this district and division encompasses Alameda County, the place where the removed action

8 was filed and pending.

9 **REMOVAL IS OTHERWISE PROCEDURALLY PROPER**

10      9.    *Removal is Timely*: Defendant KeyBank was not served in this action until May 20,

11 2008 when it was served the First Amended Complaint ("FAC"). A true and correct copy of the

12 FAC along with the Summons is attached hereto as Exhibit E. Thus, KeyBank's time to remove has

13 not run. *Bonner v. Fuji Photo Film*, 461 F. Supp. 2d 1112, 1116-19 (N.D. Cal. 2006). In any event,

14 this Notice is being filed within thirty days of service of the first Defendant to be served in this

15 action – Great Lakes – which was served on May 14, 2008 with the initial Complaint. A copy of the

16 initial Complaint along with the Civil Case Cover Sheet, Summons, and Service of Process

17 Transmittal is attached hereto as Exhibit F.

18      10.    *All Defendants join in removal*: The other named Defendants in the state court

19 action, AES, Great Lakes, and SLX, have provided KeyBank with written consents to the removal of

20 this action. All three consents are attached hereto collectively as Exhibit C. The "Doe" defendants

21 do not need to join in or consent to removal. *Emrich*, 846 F.2d at 1193.

22      11.    In compliance with 28 U.S.C. § 1446(a), a "copy of all process, pleadings, and orders

23 served upon" the removing Defendants prior to the filing of this Notice of Removal as well as all

24 documents obtainable from the records of the Superior Court at the time of filing of this Notice are

25 attached hereto as Exhibits D, E, F and G.[1]

26 ///

27 _____

28 [1] Exhibit G, the only document not previously mentioned herein, is the Notice of Complex Determination Hearing and Case Management Conference.

1        12.    *Notice to Plaintiffs and State Court*: KeyBank will serve written notice of the filing

2    of this Notice of Removal upon Plaintiffs as required by 28 U.S.C. §1446(d) and will file a Notice of

3    Removal with the clerk of the Superior Court of the State of California in and for the County of

4    Alameda.

5    Date: June 13, 2008

                  Respectfully submitted,

6                                NIXON PEABODY LLP

7

8                        TODD C. TORAL

9                        STEPHANIE KARNAVAS
                    NIXON PEABODY LLP

10                       One Embarcadero Center, 18th Floor
                    San Francisco, CA 94111-3996

11                       Telephone: (415) 984-8200
                    Fax: (415) 984-8300

12                       W. SCOTT O'CONNELL (of counsel)

13                       COURTNEY BROOKS (State Bar No. 215127)
                    Nixon Peabody LLP

14                       900 Elm Street
                    Manchester, NH 03101-2031

15                       Telephone: 603-628-4000
                    Fax: 603-628-4040

16                       Attorneys for Defendant

17                       KEYBANK, NATIONAL ASSOCIATION

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

**CASE NAME: Kilgore, et al. v. KeyBank, et al.**
**COURT:**      **Superior Court of Alameda County**
**CASE NO.:**   RG08386980
**NP FILE:**    731864-158

      I, the undersigned, certify that I am employed in the City and County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is One Embarcadero Center, 18th Floor, San Francisco, California 94111-3600. On this date, I served the following document(s):

**NOTICE TO STATE COURT AND PLAINTIFFS OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331, 1332, 1441, 1446, AND 1453 (FEDERAL QUESTION, DIVERSITY, AND CAFA JURISDICTION)**

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

  X :   By First-Class Mail — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Francisco, California, for mailing to the office of the addressee following ordinary business practices.

  \_\_\_:   By Personal Service — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

  \_\_\_:   By Overnight Courier — I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

  \_\_\_:   By Facsimile — From facsimile number 415-984-8300 at approximately 11:08 AM, I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

Addressee(s)

**SEE ATTACHED SERVICE LIST OF ATTORNEYS OF RECORD**

      I declare under penalty of perjury that the foregoing is true and correct. Executed on June 13, 2008, at San Francisco, California.

_____
John Zic

11053038.1

1

2

**Service List of Attorneys of Record**
**Kilgore, et al. v. KeyBank, et al.**
**Alameda Superior Court Case No. RG08386980**

3

| | |
|---|---|
| Andrew A. August<br>Kevin F. Rooney<br>PINNACLE LAW GROUP LLP<br>425 California Street, Ste. 1800<br>San Francisco, CA 94104 | Attorneys for plaintiffs<br><br>Telephone: 415-394-5700<br>Facsimile: 415-394-5003 |
| Jennifer Altfeld Landau<br>Sidley Austin LLP<br>555 West Fifth Street, Ste. 4000<br>Los Angeles, California 90013 | Attorneys for Student Loan Xpress<br><br>Telephone: 213-896-6661<br>Facsimile: 213-896-6600<br>jlandau@sidley.com |
| Anne G. Grimaldi<br>McKenna Long & Aldridge LLP<br>101 California Street, 41st Floor<br>San Francisco, CA 94111 | Attorneys for American Education Services<br><br>Telephone: 415-267-4104<br>Facsimile: 415-267-4198 |
| Ann U. Smith<br>John N. Giftos<br>Michael Best & Friedrich LLP<br>One South Pinckney Street, Ste. 700<br>Madison, WI 53703 | Attorneys for Great Lakes Educational Loan<br>Services, Inc.<br><br>Telephone: 608-257-3501<br>Facsimile: 608-283-2275<br>ausmith@michaelbest.com<br>jngiftos@michaelbest.com |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11053038.1