1  **Jennifer Altfeld Landau (SBN 153780)**
   **jlandau@sidley.com**
2  **Christine K. Son (SBN 223190)**
   **cson@sidley.com**
3  **SIDLEY AUSTIN LLP**
   **555 West Fifth Street, Suite 4000**
4  **Los Angeles, California 90013-1010**
   **Telephone:   (213) 896-6000**
5  **Facsimile:   (213) 896-6600**

6  **Attorneys for Defendant**
   **Student Loan Xpress, Inc.**

7

8                       **UNITED STATES DISTRICT COURT**

9                       **NORTHERN DISTRICT OF CALIFORNIA**

10

11 | MATTHEW C. KILGORE, individually and on behalf of all others similarly situated; WILLIAM BRUCE FULLER, individually and on behalf of all others similarly situated; KEVIN WILHELMY, individually and on behalf of all others similarly situated, | Case No.: C08-02958 TEH |
|---|---|
| Plaintiffs, | **NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING (LOCAL RULE 3-13)** |
| vs. | |
| KEYBANK, NATIONAL ASSOCIATION, a national banking association organized under the laws of the United States of America and successor in interest to KeyBank USA, N.A.; KEY EDUCATION RESOURCES, a division of KEYBANK, NATIONAL ASSOCIATION; GREAT LAKES EDUCATIONAL LOAN SERVICES, INC., a Wisconsin corporation; STUDENT LOAN XPRESS, a Delaware corporation; AMERICAN EDUCATION SERVICES, form of entity unknown, and Does 1-25, | |
| Defendants. | |

Pursuant to Local Rule 3-13, Defendant Student Loan Xpress, Inc. ("SLX") hereby makes the following disclosures regarding two pending cases that are related to this action.

### A.  Title, Location, and Description of Related Actions

1. The first related case is pending in the United States District Court for the Middle District of Florida, Tampa Division: *Michael Holman v. Student Loan Xpress, Inc.*, Case No. 8:08-cv-00305-SDM-MAP ("*Holman*").  *Holman* is brought on behalf of a putative nationwide class of student-borrowers (a) who were enrolled in a helicopter training school (Silver State Helicopters or SSH) at the time the school declared bankruptcy and ceased operations, and (b) whose loans are held by, or have been assigned to, SLX.  The *Holman* operative complaint asserts a single claim against SLX for violation of Ohio's Retail Installment Sales Act.  SLX is the only named defendant in the operative complaint, has been served with that complaint, but has not yet responded.  Although the legal claims in this action and *Holman* are distinct, the claims arise from the same events and rely on similar factual allegations (*i.e.*, the closure of the SSH helicopter school).  The cases also seek the same basic relief (debt forgiveness), and the putative California-only class in this case is subsumed within the putative nationwide class in *Holman*.

2. The second related case is pending in state court in Clark County, Nevada: *Christopher Mason, et al. v. KeyBank National Association, et al.*, Case No. A565943 ("*Mason*"). *Mason* is brought by the same lead counsel that represents plaintiffs in this action.  Although *Mason* is brought on behalf of a Nevada class of SSH student-borrowers and asserts claims against SLX under Nevada (as opposed to California) law, the allegations, class definitions, and relief sought in *Mason* are otherwise essentially identical to the allegations, class definitions, and relief sought in this action.  Both cases assert claims against the same defendants.  To SLX's knowledge, the *Mason* complaint has not been served on any defendant.

### B.  Propriety of MDL Transfer or Coordination

SLX believes a transfer pursuant to 28 U.S.C. § 1407 (Multi-District Litigation Procedures) would be premature because only this case and *Holman* are pending in federal district court.  SLX, however, believes that this action, *Holman*, and *Mason* should be coordinated for pretrial purposes, including for purposes of discovery.  All three cases arise from the same events

-1-

1  and rely on similar factual allegations (*i.e.*, the closure of the SSH helicopter school).  All three cases
2  seek the same relief on behalf of former SSH students (debt forgiveness).  In addition, the putative
3  classes in this case and *Mason* are subsumed within the putative nationwide class asserted in
4  *Holman*.  Accordingly, coordination is necessary to avoid conflict, conserve private and judicial
5  resources, and promote the efficient determination of all three actions.

7  Dated:  July 25, 2008                    Respectfully submitted,

8                                           **SIDLEY AUSTIN LLP**
                                            Jennifer Altfeld Landau
9                                           Christine K. Son

11                                          By: */s/ Christine K. Son*
                                                Christine K. Son
12                                          Attorneys for Defendant
                                            Student Loan Xpress, Inc.