1  Andrew A. August (SBN 112851
   aaugust@pinnaclelawgroup.com
2  Kevin Rooney (SBN 184096)
   krooney@pinnaclelawgroup.com
3  PINNACLE LAW GROUP, LLP
   425 California Street, Suite 1800
4  San Francisco, California 94104
   Telephone: (415) 394-5700
5  Facsimile:  (415) 394-5003

6  Attorneys for Plaintiffs Matthew C. Kilgore,
   William Bruce Fuller and Kevin Wilhelmy

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  MATTHEW C. KILGORE, individually and on )   Case No.  C08-02958 TEH
    behalf of all others similarly situated;          )
12  WILLIAM BRUCE FULLER, individually and )
    on behalf of all others similarly situated;       )   STIPULATION AND [PROPOSED]
13  KEVIN WILHELMY, individually and on       )   ORDER TO EXTEND TIME TO RESPOND
    behalf of all others similarly situated,          )   TO COMPLAINT AND TO CONTINUE
14                                                     )   CASE MANAGEMENT CONFERENCE
                   Plaintiffs,                         )   FOR DEFENDANTS STUDENT LOAN
15                                                     )   XPRESS, INC. AND AMERICAN
              v.                                       )   EDUCATION SERVICES
16                                                     )
    KEYBANK NATIONAL ASSOCIATION, a   )   [DECLARATION OF ANDREW A.
17  national banking association organized under )   AUGUST FILED CONCURRENTLY
    the laws of the United States of America and  )   HEREWITH]
18  successor in interest to KEYBANK USA, N.A.; )
    KEY EDUCATION RESOURCES, a division )
19  of KEYBANK, NATIONAL ASSOCIATION; )
    GREAT LAKES EDUCATIONAL LOAN       )
20  SERVICES, INC., a Wisconsin corporation;    )
    STUDENT LOAN XPRESS, a Delaware         )
21  corporation; AMERICAN EDUCATION        )
    SERVICES, form of entity unknown; DOES    )
22  1-25,                                              )
                                                       )
23                 Defendants.                        )
    _____)

24

25

26

27

28

1    WHEREAS, the Second Amended Complaint ("Complaint") asserts claims on behalf

2  of a California-only putative class of student-borrowers who were attending a helicopter pilot

3  training school – Silver State Helicopters ("SSH") – when SSH ceased operations and filed a

4  voluntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. § 101 et

5  seq., in the United States District Court for the District of Nevada in February 2008, Case No. BK-S-

6  08-10936-MKN ("SSH Bankruptcy Action");

7    WHEREAS, SSH is not a party to this action, but rather, the Complaint asserts claims

8  against Defendants who are the holders or servicers of loans taken out by students to finance their

9  education at SSH;

10    WHEREAS, the putative class is comprised of two classes: (a) a class of student-

11  borrowers whose loans are held by Defendant Student Loan Xpress, Inc. ("SLX") and serviced by

12  Defendant American Education Services ("AES") (the "SLX Class"); and (b) a class of student

13  borrowers whose loans are held by Defendant KeyBank, N.A. ("KeyBank") and serviced by

14  Defendant Great Lakes Education Loan Services, Inc. ("Great Lakes") (the "KeyBank Class");

15    WHEREAS, approximately 80% of the putative class members are part of the SLX

16  Class because the vast majority of the loans at issue in this action are held by SLX and serviced by

17  AES;

18    WHEREAS, the Complaint asserts claims based on, among other things, Defendants'

19  alleged involvement with SSH and the absence of the FTC Holder Notice in the students' loan

20  documents;

21    WHEREAS, this action is one of several putative class actions and one collective

22  action pending against SLX arising from the closure and bankruptcy of SSH, including other actions

23  pending in the United States District Court for the Middle District of Florida (the "Florida Action"),

24  and the United States District Court for the District of South Carolina;

25    WHEREAS, on July 11, 2008, the parties filed a stipulation to extend the time for

26  Defendants to respond to the Complaint and to continue the Case Management Conference to afford

27  Plaintiffs and Defendants an opportunity to participate in an early mediation regarding the claims

28

- 1 -

**STIPULATION AND [PROPOSED] ORDER TO EXTEND TIME
TO RESPOND TO COMPLAINT AND CONTINUE CMC
CASE NO. C08-02958 TEH**

1    asserted against Defendants;

2           WHEREAS, on July 15, 2008, the Court entered an order setting the Case

3    Management Conference for October 20, 2008 and requiring Defendants to respond to the

4    Complaint by that same date;

5           WHEREAS, on October 7, 2008, the parties filed a stipulation to extend the time for

6    Defendants to respond the Complaint to allow all parties to continue the mediation process;

7           WHEREAS, on October 8, 2008, the Court entered a stipulated order extending the

8    time for Defendants to respond to the Complaint to January 20, 2009;

9           WHEREAS, on the same date, the Court *sua sponte* continued the Case Management

10   Conference to February 2, 2009;

11          WHEREAS, on January 14, 2009, the parties filed another stipulation to extend the

12   time for all Defendants to respond to the Complaint;

13          WHEREAS, the January 14 stipulation advised, inter alia, that (a) Plaintiffs in this

14   action, Plaintiffs in the Florida Action and SLX had reached an agreement in principle on the

15   material terms of a settlement that would resolve the claims asserted SLX and AES through a

16   proposed nationwide class action settlement, and (b) the parties intended to present the proposed

17   settlement to the Honorable Steven D. Merryday of the Middle District of Florida, where the Florida

18   Action, a putative nationwide class action, has been pending since February 2008;

19          WHEREAS, on January 16, 2009, the Court entered a stipulated order extending the

20   time for Defendants to respond to the Complaint to April 24, 2009 and continued the Case

21   Management Conference to April 27, 2009 at 1:30 p.m.;

22                          **STATUS OF FLORIDA ACTION**

23          WHEREAS, on January 7, 2009, the Magistrate Judge in the Florida Action

24   conducted a pretrial conference, and after considering counsel's report as to the status of their

25   settlement negotiations, entered an order extending SLX's deadline to respond to the complaint to

26   April 10, 2009 and continuing the preliminary pretrial conference to that same date;

27          WHEREAS, on April 3, 2009, the parties in the Florida Action submitted a joint

28

- 2 -

**STIPULATION AND [PROPOSED] ORDER TO EXTEND TIME**
**TO RESPOND TO COMPLAINT AND CONTINUE CMC**
**CASE NO. C08-02958 TEH**

1   motion (a) reporting on their efforts to finalize the settlement and present it and associated

2   documents (*e.g.,* the notice, claim forms, etc.) for preliminary approval, (b) advising of their

3   intention to submit the nationwide settlement for preliminary approval before May 28, 2009, and (c)

4   requesting an extension of time for SLX to respond to the complaint until May 28, 2009;

5          WHEREAS, on April 8, 2009, Judge Merryday entered an order extending the time

6   for SLX to respond to the complaint until May 28, 2009;

7          WHEREAS, on April 10, 2009, the Magistrate Judge conducted another pretrial

8   conference;

9   **REQUEST FOR CONTINUANCE**

10          WHEREAS, although prior stipulations included Defendants KeyBank and Great

11   Lakes, the present stipulation is only between Plaintiffs, SLX and AES;

12          WHEREAS, since January, Plaintiffs and SLX have continued to work diligently to

13   finalize the settlement that would resolve the claims asserted against SLX and AES on a nationwide

14   basis;

15          WHEREAS, among other things, Plaintiffs in this action, Plaintiffs in the Florida

16   Action and SLX have (a) engaged in confirmatory discovery; (b) negotiated a protective order to

17   facilitate the exchange of information in connection with the confirmatory discovery process (this

18   order was entered by the Court in the Florida Action); (c) exchanged multiple drafts of a sixty-five

19   (65) page settlement agreement (which they expect to finalize in the next few weeks); and

20   (d) exchanged drafts of the other documents that will be filed in connection with their joint request

21   for preliminary approval of the settlement, including the motion for preliminary approval, the notice

22   to be disseminated to class members and the claim forms.  In addition, since January, Plaintiffs'

23   counsel in both actions have reviewed extensive and voluminous records obtained from SSH's

24   bankruptcy trustee;

25          WHEREAS, despite their diligent efforts, Plaintiffs and SLX require a modest

26   amount of additional time to finalize the settlement and to present the settlement agreement and

27   associated documents (*e.g.*, the notice and claim forms) for preliminary approval to the Court in the

28   - 3 -

1    Florida Action;

2          WHEREAS, as the parties have advised the Court in the Florida Action, this

3    additional time is necessary to complete the following tasks, among other things: (a) compile the

4    class member data and information necessary to provide notice to appropriate state and federal

5    officials as required by the Class Action Fairness Act (*see* 28 U.S.C. § 1715); (b) finalize the

6    settlement agreement, class notice, claim forms, and other documents that will be submitted in

7    connection with the parties' joint request for preliminary approval; and (c) coordinate with a third-

8    party settlement administrator who will be responsible for the dissemination of the notice and

9    administration of the settlement;

10          WHEREAS, upon receiving preliminary approval of the proposed nationwide

11   settlement, Plaintiffs in this action will dismiss the claims against SLX and AES without prejudice

12   pending the Fairness Hearing and final approval process in the Florida Action;

13          WHEREAS, because Plaintiffs and SLX require additional time to complete the

14   aforementioned tasks and to submit the proposed nationwide settlement for preliminary approval to

15   the Court in the Florida Action, they request that the deadline for SLX and AES to respond to the

16   Complaint be extended to June 5, 2009;

17          WHEREAS, Plaintiffs, SLX and AES also jointly request that the Court continue the

18   Case Management Conference as to them only to June 8, 2009 at 1:30 p.m.; and

19          WHEREAS, Plaintiffs, SLX and AES agree that this extension will promote

20   efficiency and judicial economy by permitting the parties to concentrate their efforts on finalizing

21   the settlement and presenting it for preliminary approval to the Court in the Florida Action rather

22   than filing moot adversarial motions (or otherwise responding to the Complaint that will be

23   dismissed as to SLX and AES shortly after the nationwide settlement receives preliminary approval).

24          NOW, THEREFORE, IT IS HEREBY STIPULATED by and between Plaintiffs,

25   SLX and AES, through their respective counsel of record, that SLX and AES shall have up to and

26   including June 5, 2009 to answer, move, or otherwise respond to the Complaint.  The parties also

27   jointly request that the Case Management Conference for SLX and AES be continued to June 8,

28

- 4 -

**STIPULATION AND [PROPOSED] ORDER TO EXTEND TIME
TO RESPOND TO COMPLAINT AND CONTINUE CMC
CASE NO. C08-02958 TEH**

1  2009 at 1:30 p.m.

2

3  Dated:  April 15, 2009                    Respectfully submitted,

4                                            **PINNACLE LAW GROUP LLP**

5

6                                            By: */s/ Andrew A. August*
                                                 Andrew A. August (SBN 112851)

7                                                Attorneys for Plaintiffs

8  Dated:  April 15, 2009                    **SIDLEY AUSTIN LLP**

9

10                                           By: */s/ Robert M. Stone*
                                                  Robert M. Stone (SBN 205365)

11                                               Attorneys for Defendant
                                                 STUDENT LOAN XPRESS, INC.

12

13  Dated: April 15, 2009                    **MCKENNA LONG & ALDRIDGE LLP**

14

15                                           By: */s/ Ann G. Grimaldi*
                                                  Ann G. Grimaldi (SBN 160893)

16                                               Attorneys for Defendant
                                                 AMERICAN EDUCATION SERVICES

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -

**STIPULATION AND [PROPOSED] ORDER TO EXTEND TIME
TO RESPOND TO COMPLAINT AND CONTINUE CMC
CASE NO. C08-02958 TEH**

LA1 1530787v.1

1

<u>**ORDER**</u>

2       Based on the foregoing stipulation of counsel and good cause appearing therefore, it is

3  HEREBY ORDERED  that Student Loan Xpress, Inc. ("SLX") and American Education Services

4  ("AES") shall have up to and including June 5, 2009 to answer, move, or otherwise respond to the

5  Complaint.  Additionally, the Case Management Conference is hereby continued for SLX and AES

6  until June 8, 2009 at 1:30 p.m.

7       PURSUANT TO STIPULATION OF COUNSEL, IT IS SO ORDERED.

8

9  Dated: April <u>16</u>, 2009



10                      **Hon. Thelton E. Henderson**
                        **United States District Court**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -

LA1 1530787v.1

1

## DECLARATION OF ROBERT M. STONE

2

3          I, Robert M. Stone, hereby declare:

4          1.       I am a partner in the law firm of the Sidley Austin LLP, counsel for Defendant

5   Student Loan Xpress, Inc. in *Kilgore et al v. KeyBank National Association et al*.  I have personal
knowledge of the facts set forth herein, and, if called and sworn as a witness, could and would testify

6   competently with respect to those facts.

7          2.       Pursuant to General Order No. 45, Section X, governing signatures on
electronically filed documents, all the signatories whose electronic signatures appear on the

8   following documents have concurred as to the filing:

9          (1) Stipulation And [Proposed] Order To Extend Time To Respond To Complaint
              And To Continue Case Management Conference For Defendants Student Loan

10             Xpress, Inc. and American Education Services, and

11          (2) Declaration Of Andrew A. August In Support Of Stipulation and [Proposed]
              Order To Extend Time To Respond To The Complaint.

12

13          I declare under penalty of perjury under the laws of the United States of America that the

14   foregoing is true and correct.  Executed in Los Angeles, California on April 15, 2009.

15

16                                          ____/s/ Robert M. Stone_____
                                            Robert M. Stone

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATION AND [PROPOSED] ORDER TO EXTEND TIME
TO RESPOND TO COMPLAINT AND CONTINUE CMC
CASE NO. C08-02958 TEH**

LA1 1530787v.1