1    TODD C. TORAL, State Bar No. 197706
     ttoral@nixonpeabody.com
2    STEPHANIE KARNAVAS, State Bar No. 255596
     skarnavas@nixonpeabody.com
3    NIXON PEABODY LLP
     One Embarcadero Center, 18th Floor
4    San Francisco, California 94111-3600
     Telephone: (415) 984-8200
5    Fax:  (415) 984-8300

6    W. SCOTT O'CONNELL (*pro hac vice*)
     soconnell@nixonpeabody.com
7    COURTNEY BROOKS, State Bar No. 215127
     cbrooks@nixonpeabody.com
8    NIXON PEABODY LLP
     900 Elm Street
9    Manchester, NH 04101-2031
     Telephone: (603) 628-4000
10   Fax: (603) 628-4040

11   Attorneys for Defendants
     KEYBANK NATIONAL ASSOCIATION and
12   GREAT LAKES EDUCATIONAL LOAN SERVICES, INC.

13              UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15

| | |
|---|---|
| 16   MATTHEW C. KILGORE, individually and on behalf of all others similarly situated; WILLIAM BRUCE FULLER, individually and on behalf of all others similarly situated; KEVIN WILHELMY, individually and on behalf of all others similarly situated, | Case No. C08-02958 TEH ADR |
| Plaintiffs, | **DECLARATION OF SHAWN BALDWIN IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS PROCEEDINGS AND IN SUPPORT OF DEFENDANTS' ALTERNATIVE MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| vs. | |
| KEYBANK, NATIONAL ASSOCIATION, a national banking association organized under the laws of the United States of America and successor in interest to KEYBANK USA, N.A.; KEY EDUCATION RESOURCES, a division of KEYBANK, NATIONAL ASSOCIATION; GREAT LAKES EDUCATIONAL LOAN SERVICES, INC., a Wisconsin corporation; STUDENT LOAN XPRESS, a Delaware corporation; AMERICAN EDUCATION SERVICES, form of entity unknown; DOES 1-25, | Date:       June 8, 2009<br>Time:      10:00 a.m.<br>Courtroom:   Ctrm 12, 19th Floor<br>Judge:     The Hon. Thelton E. Henderson |
| Defendants. | |

I, Shawn Baldwin, declare and state:

1.      I am a risk manager at KeyBank, National Association ("KeyBank").  KeyBank is a national banking association organized under the laws of the United States of America.

2.      I have personal knowledge of the facts stated in this declaration based on a review of data kept and maintained in the course of regularly conducted business activities.  If called upon as a witness, I could and would competently testify to the following matters.

3.      The original balance of the loan obtained by Plaintiff Matthew C. Kilgore ("Kilgore"), and co-signed by Christine M. Kilgore, to attend a Silver State Helicopter ("SSH") school was $55,950.00.  Attached hereto as Exhibit "A" is a true and correct copy of the Master Student Loan Promissory Note Plaintiff Matthew C. Kilgore signed on or about November 2, 2004.  Mr. Kilgore has not repaid his loan.

4.      The original balance of the loan obtained by Plaintiff William Bruce Fuller ("Fuller") to attend a Silver State Helicopter ("SSH") school was $55,950.00.  Attached hereto as Exhibit "B" is a true and correct copy of the Master Student Loan Promissory Note Plaintiff William Bruce Fuller signed on or about October 9, 2004.  Mr. Fuller has not repaid his loan.

5.      As set forth in the Master Student Loan Promissory Notes Messrs. Kilgore and Fuller signed, each had the opportunity to opt-out of the arbitration agreement set forth in Paragraph Q within 60 days of executing the Promissory Note without prejudicing their ability to receive a student loan from KeyBank.  Neither Mr. Kilgore nor Mr. Fuller opted-out of the arbitration agreement.

6.      KeyBank is incorporated in Ohio.  Cuyahoga County, Ohio is where KeyBank maintains its principal place of business, is the location of KeyBank's corporate headquarters,  the place where the senior executives overseeing KeyBank's nationwide student loan program are located, and KeyBank's decision to lend the Mr. Kilgore and Mr. Fuller money was made in Ohio.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 24, 2009 in Boston, Massachusetts.


_____/s/ Shawn Baldwin_____
Shawn Baldwin

# EXHIBIT A

# EXHIBIT A

# Key Alternative Loan Program

Date: October 21, 2004

Borrower Name: Matt C. Kilgore

Cosigner Name: Christine M. Kilgore

Borrower Social Security Number: 469

Cosigner Social Security Number: 0961

**REDACTED**

### MASTER STUDENT LOAN PROMISSORY NOTE
No white-outs or scratch-outs of terms will be accepted on this Promissory Note.

**A. IDENTIFICATION OF PARTIES AND TERMS**

In this Application/Master Student Loan Promissory Note, unless otherwise provided, the words "I," "we," "our," "us," "me," "my," and "mine" mean the person(s) who signed this Application/Master Student Loan Promissory Note as borrower, co-borrower, and/or cosigner. "You," "your," "yours," and "lender" mean KeyBank National Association, Cleveland, Ohio, or its successors and assigns, and any other holder of this Master Student Loan Promissory Note. Terms in initial capital letters in this Note have the definitions set forth in Paragraph D or elsewhere in this Note, unless otherwise noted.

**B. PROMISE TO PAY; CONSOLIDATION; AGGREGATING BALANCES**

This is a consumer credit transaction. I promise to pay to your order or to any subsequent holder all principal sums disbursed under the terms of this Note and, in addition, interest on such principal sums, interest on any Capitalized Interest, and other charges and fees that may become due as provided in this Note. I will pay all of these amounts to you at the address shown in my coupon book. I understand and agree that you may make multiple Loans to me under the KeyBank National Association Loan Program listed in Paragraph D.10 ("the Loan Program") subject to the terms of this Note. I understand and agree that this Note sets forth the terms and conditions applicable to all Loans made to me under the Loan Program on or after the date of this Note and before the date of any subsequent master student loan promissory note relating to loans obtained under the Loan Program that I have signed. I understand and agree that, for the first Loan that I obtain subject to the terms of this Master Student Loan Promissory Note, in addition to this Master Student Loan Promissory Note, I will receive a Disclosure Statement. I further understand and agree that I will not receive a new master student loan promissory note for any additional Loan(s) that I may obtain under the Loan Program unless I am required to sign a new master student loan promissory note because of the nature of the modifications of the terms of this Master Student Loan Promissory Note or any subsequent master student loan promissory note relating to loans obtained under the Loan Program that I have signed. I will receive a new Disclosure Statement with respect to each such new Loan. In addition, I understand and agree that, at your option, you may consolidate any or all of the following into one Loan subject to the terms of this Note: (i) any loan(s) that I have in effect under the Loan Program before the date of this Note and (ii) any Loan(s) that I may obtain under the Loan Program on or after the date of this Note and before the date of any subsequent master student loan promissory note relating to loans obtained under the Loan Program that I have signed.

I also understand and agree that, at your option, whether or not my Loan(s) subject to the terms of this Note or any loans that I have in effect under the Loan Program before the date of this Note have been consolidated, you may aggregate the total outstanding balance of each such Loan and loan prior to repayment solely for purposes of determining my monthly payment amount and repayment term. In this event, you will determine my monthly payment amount and repayment term based on the terms of my most recent Loan made under the Loan Program.

**C. GENERAL PROVISIONS; AUTHORITY NOT TO MAKE LOANS OR DISBURSEMENTS; WRITINGS; SIGNATURES**

1. When you receive my signed Note, you are not agreeing to lend me money and there will be no such agreement until the time you make the first disbursement on the Loan. Based on your evaluation of my credit qualifications, which you may conduct as part of your review of my Application or at any time during the term of any Loan(s) that I obtain subject to the terms of this Note, you have the right not to make a Loan or a disbursement on a Loan or to lend an amount less than the Amount Requested. I agree to accept an amount less than the Amount Requested and to repay that portion of the Amount Requested that you actually lend to me, plus interest on such principal sums, interest on any Capitalized Interest, and other charges and fees that may become due as provided in this Note.

2. All Applications, Disclosure Statements, and separate Cosigner Notices (if any) relating to any Loan subject to the terms of this Note are incorporated in and made a part of this Note.

3. If, under this Note, an act or agreement must be "written" or in "writing," an act or agreement performed or provided by means of electronic communication will be considered to be "written" or a "writing," as the case may be. If, under this Note, a document must be "signed," a digital or electronic signature that complies with applicable federal law requirements or (in the case of the lender) a pre-affixed facsimile signature will meet this requirement.

4. After you decide to make a Loan to me, you will send me a Disclosure Statement. In addition to other information, the Disclosure Statement will tell me the amounts of my disbursements and the amount of any loan fee.

5. I will review my Disclosure Statement upon receiving it and will contact you if I have any questions.

6. Unless I choose to have my monthly payments automatically debited, I will

receive a coupon book on any Loan(s) subject to the terms of this Note. For purposes of this Paragraph C.6, "I" refers only to the borrower.

**D. DEFINITIONS**

1. Amount Requested - means the dollar amount of the Loan requested at the time of my Application.

2. Application - means the written or oral request that I make to you for a Loan under the Loan Program.

3. Capitalized Interest - means accrued and unpaid interest that has been added to the principal balance of a Loan.

4. Cosigner Notice - means any notice that describes the obligations of a cosigner under this Note and that is signed by my cosigner with respect to any Loan that I obtain subject to the terms of this Note under the Loan Program.

5. Disbursement Date - means any date on which you lend money to me in consideration for this Note and will be the date shown on my Loan check or the date the Loan funds are electronically transferred to my Institution.

6. Disclosure Statement - means a disclosure statement setting forth the information required by the federal Truth-in-Lending Act and Federal Reserve Board Regulation Z, 12 C.F.R. Part 226, or such other disclosure statement that you may provide when a disclosure statement is not required under this Act and Regulation Z.

7. Institution - means the educational institution, if any, to which the proceeds of my Loan(s) are payable.

8. Interim Period - means the period beginning on the initial Disbursement Date and ending on the date which is six (6) months after I graduate from, or otherwise cease to be enrolled at least half-time at the Institution identified at the time of my Application or any other eligible Institution.

9. Loan - means all principal sums disbursed during the twelve (12)-month term of an academic year of the Loan Program (as such year is designated by you) under the terms of this Note, plus interest on such principal sums, interest on any Capitalized Interest, and other charges and fees that may become due under the Loan as provided in this Note.

10. KeyBank National Association Loan Program ("Loan Program") - means the Key Alternative Loan® program.

11. Note - means this Master Student Loan Promissory Note setting forth the terms applicable to all Loans that I have in effect under the Loan Program before the date of this Note (that you have agreed to consolidate into this Note) and any Loan that I may obtain under the Loan Program on or after the date of this Note. The term "Note," as used in this Master Student Loan Promissory Note, includes the Applications, Disclosure Statements, and Cosigner Notices (if applicable) relating to all Loans that I obtain subject to the terms of this Note, unless otherwise provided.

12. Repayment Period - means the period beginning on the day after the Interim Period ends and continuing for one hundred and twenty (120) months if the total principal balance of my loans under the Loan Program and my Loans subject to the terms of this Note is less than $15,000, one hundred and eighty (180) months if the total principal balance of my loans under the Loan Program and my Loans subject to the terms of this Note is equal to or greater than $15,000 and less than $60,000, or two hundred and forty (240) months if the total principal balance of my loans under the Loan Program and my Loans subject to the terms of this Note is equal to or greater than $60,000. The length of the Repayment Period is subject to limitations on the period of repayment under applicable law.

**E. INTEREST**

1. Accrual - Interest on this Note will accrue at an interest rate equal to the Variable Rate. Interest begins to accrue on the initial Disbursement Date and will continue to accrue until the entire principal balance and all other amounts are paid in full. Interest will accrue on the unpaid principal balance to the extent it is disbursed to me or paid on my behalf, and on Capitalized Interest and any other fees added to the principal balance in accordance with the terms of this Note. Interest will be calculated on the basis of the actual number of days in the year and the actual number of days elapsed, including holidays and days on which you are not open for the conduct of banking business. If I do not pay interest to you during any Interim Period, at your option, you may add such interest to the principal balance of the Loan in accordance with Paragraph E.4.

2. Variable Rate - During any Interim Period, the annual variable interest rate (the "Variable Rate") is equal to the Current Index, plus an "Interim Margin" not to exceed 3.85%. During any Repayment Period, the Variable Rate is equal to the Current Index, plus a "Repayment Margin" not to exceed 3.85%. The Variable Rate may increase or decrease and will be adjusted quarterly on the first day of each January, April, July, and October (the "Change Date") if the Current Index changes. In no event will the Variable Rate be more than the maximum rate permitted under applicable law.

3. Current Index - The "Current Index" is the three-month London Interbank Offered Rate ("LIBOR") published in the "Money Rates" section of *The Wall Street Journal*

KAL NOTE ONLY 04 KBNA
07/04

Baldwin Exhibit A, p. 1

Date: October 21, 2004

Borrower Name: Matt C. Kilgore

Cosigner Name: Christine M. Kilgore

Borrower Social Security Number: ████469

Cosigner Social Security Number: ████61   **REDACTED** 

on the 20th day of the month preceding the applicable "Change Date" (e.g., December, March, June, and September), subject to the limitations herein. You will use the three-month LIBOR published on the 20th day of the preceding month without regard to the two-day delayed effective date. If the 20th day of the month is not a business day, the preceding business day will be used to determine the Current Index. For purposes of this Paragraph E.3, "business day" means any day the banks in New York and London are open for the transaction of business. You may round the "Current Index" higher to two decimal places. For example, 6.6875½% will be rounded to 6.69%. (This is an example and may not be reflective of the actual LIBOR.) LIBOR is the British Banker's Association average of interbank offered rates for dollar deposits in the London market based on quotations at 16 major banks. LIBOR is merely a pricing index and is not necessarily the lowest interest rate index used by you or any other lender. If LIBOR is no longer available, you will choose a comparable index.

4.   Capitalization - At your option, you may add all accrued and unpaid interest to the principal balance of my Loan, on the last day of each Interim Period, and on the last day of any period of forbearance. I agree to the addition of accrued and unpaid interest to the principal balance (the "compounding" of interest) as set forth in Paragraph E.1 and this Paragraph E.4.

**F. TERMS OF REPAYMENT**

1.   Interim Period - I may, but am not required to, make payments of interest or principal during the Interim Period. You may add accrued unpaid interest that I do not pay during the Interim Period to the principal balance as set forth in Paragraphs E.1 and E.4.

2.   Repayment Period - During the Repayment Period, I will make consecutive monthly payments in the indicated amounts by the payment due dates shown in my coupon book until I have paid all of the principal and interest and any other charges that I may owe under the Note.

3.   Repayment Terms - I will repay my Loan in consecutive monthly installments of principal and interest. If my Variable Rate increases or decreases, so that the total amount I must pay to you increases or decreases, my monthly payment will stay the same but I will make more or fewer monthly payments than would otherwise be required. My monthly payment amount will not be changed unless my Variable Rate increases to the point where that amount will not repay my Loan in full within the maximum permissible Repayment Period. In that case, my monthly payment amount may be increased to the minimum payment that will do so. If this should happen, you will notify me of my new monthly payment amount. I understand that I may increase my monthly payment amount at any time.

4.   Amounts Owing at the End of the Repayment Period - Since interest accrues daily upon the unpaid principal balance of my Loan, if I make payments after my payment due dates, I may owe additional interest and returned check/NSF fees. If I have not paid my late charges I will also owe additional amounts for those late charges and returned check /NSF fees. In such case, you will increase the amount of my last monthly payment amount to the amount necessary to repay my Loan in full.

5.   Application of Payments - You may apply payments on any Loan in any manner that you determine within your sole discretion.

6.   Minimum Payment - Notwithstanding any other provision of Paragraph F, if my required payment in any month is less than $50.00, at your request, I agree to pay $50.00 (principal and interest) or the unpaid balance, whichever is less.

**G. LATE CHARGES AND/OR RETURNED PAYMENT/NSF FEES**

On any Loan that I obtain subject to the terms of this Note:

1.   Late Charges - I agree to pay a late charge if I fail to make any part of an installment payment within fifteen (15) days after it becomes due. I will pay only one late charge for an installment payment, regardless of the number of days it is late. The late charge may not exceed the lesser of $5.00 or 5.00% of the unpaid amount of the installment.

2.   Returned Payment/NSF Fees - I agree to pay a returned payment/NSF fee of $20.00 on the next payment if my bank returns my payment or if any check or other instrument given for my payment is dishonored for any reason, in addition to the fees that my bank may assess.

**H. RIGHT TO PREPAY**

I have the right to prepay all or any part of my Loan(s) at any time without penalty. Prepayment of less than all of the outstanding balance of my Loan(s) will not reduce the amount of monthly payments or postpone the due date of monthly payments, but will reduce the number of payments I must make. In any event, I will not be entitled to a refund of any part of the interest or finance charge already paid.

**I. FORBEARANCE**

If I am unable to repay any of my Loans in accordance with the terms established under this Note, I may request that you modify these terms. I understand that such modification would be at your option. I understand that I will remain responsible for all interest accruing during any period of forbearance.

**J. DEFAULT; WHOLE LOAN DUE**

Subject to the limitations of applicable law, I will be in default under this Note and you have the right to (i) give me notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Note, are due and payable at once (subject to any applicable law that may give me a right

to cure my default) and (ii) cease to make further disbursements to me if:

1.   I fail to make any monthly payment to you when due; or
2.   I die; or
3.   I break any of my other promises in this Note; or
4.   Any bankruptcy proceeding is begun by or against me, or I assign any of my assets for the benefit of my creditors; or
5.   I provide any false written statement in applying for any Loan subject to the terms of this Note or at any time during the term of any such Loan; or
6.   I become insolvent; or
7.   In your judgment, there is a significant lessening of my ability to repay any Loan subject to the terms of this Note; or
8.   I am in default on any Loan subject to the terms of this Note I may already have with you, or on any such Loan I may have with you in the future.

My failure to receive a statement or coupon book does not relieve me of my responsibility and obligation of making the required payments for any Loan in accordance with the terms and conditions of this Note. If I am in default, I will be required to pay interest on any Loan accruing after default. The interest rate (Variable Rate) after default will be subject to adjustment in the same manner as before default.

**K. COLLECTION COSTS**

When and to the extent permitted by applicable law, I agree to pay you reasonable amounts, including reasonable attorney's fees for any attorney who is not your regularly salaried employee and court and other collection costs, that you incur in enforcing the terms of this Note if I am in default.

**L. NOTICES**

1.   I will send written notice to you, or any subsequent holder of this Note, within ten (10) days after any change in my name, address, telephone number, or institution enrollment status.

2.   Any notice required to be given to me by you will be effective (i) when mailed by first class mail to the latest address you have for me or (ii) if I agree to receive notices and other communications electronically, when transmitted by electronic communication to the latest electronic mail address you have for me. Unless required by applicable law, you need not give a separate notice to the cosigner, if any.

3.   State Law Notices - As required by law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations. A married applicant may apply for a separate account. I agree that the lender may obtain a consumer report (credit report) about me from a consumer reporting agency (credit bureau). Upon my request, I will be informed whether or not the lender obtained a consumer report about me, and if so, the name and address of the consumer reporting agency that furnished the report. If my Application is approved, subsequent consumer reports may be requested or used in connection with an update, renewal or extension of the credit for which I have applied. **NEW JERSEY RESIDENTS:** Because certain provisions of this Note are subject to applicable law, they may be void, unenforceable or inapplicable in some jurisdictions. None of these provisions, however, is void, unenforceable or inapplicable in New Jersey. **OHIO RESIDENTS:** The Ohio laws against discrimination require that all creditors make credit equally available to all credit worthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio civil rights commission administers compliance with this law. **MARRIED WISCONSIN RESIDENTS:** (a) My signature confirms that each Loan is being incurred in the interest of my marriage or family; (b) No provision of a marital property agreement, a unilateral statement under Section 766.59 or a court decree under Section 766.70 of the Wisconsin Statutes adversely affects the interest of the creditor unless the creditor, prior to the time credit is granted, is furnished a copy of the agreement, statement or decree or has actual knowledge of the adverse provision when the obligation to the creditor is incurred; (c) Unless the co-borrower or cosigner (if any) is my spouse, the lender is required to ask me to provide the name and address of my spouse. Unless I have provided such information at the time of my Application, I will provide such information by calling the lender at 800-539-5363 or writing to the lender at Key Education Resources, 745 Atlantic Avenue, Boston, MA 02111 within fifteen (15) days after the initial Disbursement Date of any Loan subject to the terms of this Note.

**M. COSIGNER NOTICES**

For purposes of these "Cosigner Notices" only, the words "you", "your", and "yours" mean the person(s) who signed this Note as a cosigner, and the word "bank" means KeyBank National Association, Cleveland, Ohio, or its successors and assigns, and any other holder of this Note.

**NOTICE TO COSIGNER:** You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility. You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount. The bank can collect this debt from you without first trying to collect from the borrower. The bank can use the same collection methods against you that

Page 2 of 7

Baldwin Exhibit A, p. 2

Date: October 21, 2004

Borrower Name: Matt C. Kilgore

Cosigner Name: Christine M. Kilgore

Borrower Social Security Number ███████8469

Cosigner Social Security Number ███████0961

**REDACTED** 

can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of your credit record. This notice is not the contract that makes you liable for the debt.

**ILLINOIS AND MICHIGAN RESIDENTS:** Notice to Cosigner: You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility. You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount. The bank can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of your credit record. This notice is not the contract that makes you liable for the debt.

**NEW YORK RESIDENTS: NOTICE:** You agree to pay the debt identified below although you may not personally receive any property, services, or money. You may be sued for payment although the person who receives the property, services, or money is able to pay. You should know that the Total of Payments listed below does not include finance charges resulting from delinquency, late charges, repossession or foreclosure costs, court costs or attorney's fees, or other charges that may be stated in the note or contract. You will also have to pay some or all of these costs and charges if the note or contract, the payment of which you are guaranteeing, requires the borrower to pay such costs and charges. This notice is not the note, contract, or other writing that obligates you to pay the debt. Read that writing for the exact terms of your obligation.

**IDENTIFICATION OF DEBT(S) YOU MAY HAVE TO PAY**

Name of Debtor: The person(s) identified as the borrower and co-borrower at the time of Application.

Name of Creditor: KeyBank National Association, and its successors or assigns.

Date: The Date of this Note.

Kind of Debt: Education Loan

Total of Payments: The "Loan Amount Requested" identified at the time of Application plus interest as set forth in Paragraph E of this Note.

You acknowledge by your signature on this Note that you have been given a completed copy of this notice and of each writing that obligates you or the Debtor on this debt.

**VERMONT RESIDENTS: NOTICE TO COSIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.**

**N. COSIGNER OBLIGATIONS**

If I signed this Note as a cosigner, I hereby unconditionally guarantee payment of the borrower's and/or co-borrower's Loan(s) subject to the terms of this Note when due and in accordance with the terms of this Note. I waive notice of acceptance hereof, and waive all notices to which I might otherwise be entitled by law. I waive all suretyship defenses that might be available to me (including, without limitation, contribution, subrogation, and exoneration). I agree that the borrower may agree to any forbearance, extension, or other modification of the repayment schedule and that such agreement will be binding on me. Unless required by applicable law, it shall not be necessary for you to resort to or exhaust your remedies against the borrower and/or co-borrower before calling on me to make repayment. I acknowledge that I have read, understand, and agree to the terms of the Cosigner Notice(s) that appears in Paragraph N and that applies to me and, if I am a California or Iowa resident, to the terms of the separate state-specific cosigner notice incorporated in and made a part of this Note that applies to me.

**O. INFORMATION SHARING**

**Disclosure of Account Information:** You may share information within the KeyCorp family of companies as well as with unaffiliated third parties external to Key as described in our Privacy Policy. **We specifically consent to you sharing information within the KeyCorp family of companies and with external unaffiliated third parties.**

NOTE: I/we may elect to opt out of information sharing, or may be automatically opted-out under our state law, as described in your Privacy Policy. If I/we are opted out, that election will override this consent to share, except for those instances in which you are otherwise permitted to share by law without our consent.

**P. DISCLOSURE OF ACCOUNT INFORMATION TO CONSUMER REPORTING AGENCIES; INACCURATE INFORMATION**

You are committed to furnishing complete and accurate information about credit accounts, including any Loan subject to the terms of this Note, to consumer reporting agencies. If the information you report about any of my Loans is inaccurate, I will write to: Great Lakes Higher Education Servicing Corporation, P.O. Box 7860, Madison, WI 53707-7860. In my correspondence I should include the following information: my social security number, Loan account number(s), a copy of my credit bureau reporting reflecting the inaccurate information, and my name, address, city, state and zip code.

Page 3 of 7

**Q. ARBITRATION**

This Arbitration Provision sets forth the circumstances and procedures under which Claims (as defined below) may be arbitrated instead of litigated in court. This Arbitration Provision supersedes and replaces any existing arbitration provision between you and me.

This Arbitration Provision will apply to any Note or Prior Promissory Note (as defined below) unless I notify you in writing that I reject the Arbitration Provision within 60 days of signing my Note. The rejection notice should be sent to Key Education Resources-Arbitration, P.O. Box 55445, Boston, MA 02205-5445. The notice must include the borrower's name, the names of any co-borrower and the co-borrower or cosigner, if any, and must be signed by the borrower and the co-borrower or cosigner, if any. The rejection notice should not include any other correspondence. Calling the lender to reject the Arbitration Provision or providing notice by any other manner or format than as described above will not operate as a rejection of this Arbitration Provision and consequently this Arbitration Provision will become part of this Note. Rejection of this Arbitration Provision does not serve as rejection of any other terms or condition of this Note or Prior Promissory Note (as defined below) with the lender governing the Loan or loan.

For purposes of this Arbitration Provision, the words "you" and "your" shall mean KeyBank National Association, Cleveland, Ohio, third parties that have or may have had a relationship with you or me relating to the Loan Program (including, without limitation, any institution or servicer of any Loan or any loan that I have or may have had in effect under the Loan Program before the date of this Note (and that is consolidated or the total outstanding balance of which is aggregated under Paragraph B)), any other holder of this Note or any prior promissory note relating to any loan that I have or may have had in effect under the Loan Program before the date of this Note and that is consolidated or the total outstanding balance of which is aggregated under Paragraph B ("Prior Promissory Note"), and all of their respective parents, employees, officers, and directors.

As used in this Arbitration Provision, the word "Claim" means any claim, dispute, or controversy between you and me arising from or relating to this Note, any Prior Promissory Note, or the relationships resulting from this Note or any Prior Promissory Note, including, without limitation, the validity, enforceability, or scope of this Arbitration Provision, this Note, or any Prior Promissory Note. "Claim" includes claims of every kind and nature, whether pre-existing, present, or future, including, without limitation, initial claims, counterclaims, cross-claims, and third-party claims, and claims based upon contract, tort, fraud and other intentional torts, constitution, statute, regulation, common law, and equity (including, without limitation, any claim for injunctive or declaratory relief). The word "Claim" is to be given the broadest possible meaning and includes, by way of example and without limitation, any claim, dispute, or controversy that arises from or relates to (a) any Loan subject to the terms of this Note or any loan that I have or may have had in effect under the Loan Program before the date of this Note and that is consolidated or the total outstanding balance of which is aggregated under Paragraph B, (b) the goods or services purchased with the proceeds of any such Loan or loan, (c) the financing of any such Loan or loan, (d) advertisements, promotions, or oral or written statements related to this Note, any Prior Promissory Note, any such Loan or loan, goods or services purchased with the proceeds of any such Loan or loan, or the terms of any such Loan or loan, (e) any application for any such Loan or loan and (f) the origination or servicing of any such Loan or loan or the origination of this Note or any Prior Promissory Note, and (g) the collection of amounts owed by me to you.

This Arbitration Provision will not apply to Claims previously asserted, or that are later asserted, in lawsuits filed before the effective date of the Arbitration Provision or any prior arbitration provision between you and me, whichever is earlier. However, this Arbitration Provision will apply to all other Claims, even if the facts and circumstances giving rise to the Claims existed before the effective date of this Arbitration Provision.

Any Claim shall be resolved, upon the election of you or me, by binding arbitration pursuant to this Arbitration Provision and the applicable rules of either the J.A.M.S/Endispute or the National Arbitration Forum in effect at the time the Claim is filed (the "Arbitration Rules"). I may select one of these organizations to serve as the arbitration administrator if I initiate an arbitration against you or if either you or I you intended to compel arbitration of a Claim that the other party has brought in court. In addition, if give me twenty (20) days to select one of these organizations to serve as the arbitration administrator; if I fail to select an administrator within that twenty (20)-day period, you will select one. In all cases, the arbitrator(s) should be a lawyer with more than ten (10) years of experience or a retired judge. If for any reason the selected I will have twenty (20) days to select a different administrator from the above list; if I fail to select a different administrator within the twenty (20)-day period, you will select one. In all cases, a party who has asserted a Claim in a lawsuit in court may elect arbitration with respect to any Claim(s) subsequently asserted in that lawsuit by any other party or parties.

Baldwin Exhibit A, p. 3

Date: October 21, 2004

Borrower Name: Matt C. Kilgore

Cosigner Name: Christine M. Kilgore

Borrower Social Security Number: ▮▮▮▮8469

Cosigner Social Security Number: ▮▮▮▮0961

 **REDACTED**

IF ARBITRATION IS CHOSEN BY ANY PARTY WITH RESPECT TO A CLAIM, NEITHER YOU NOR I WILL HAVE THE RIGHT TO LITIGATE THAT CLAIM IN COURT OR HAVE A JURY TRIAL ON THAT CLAIM, OR TO ENGAGE IN PRE-ARBITRATION DISCOVERY EXCEPT AS PROVIDED FOR IN THE APPLICABLE ARBITRATION RULES. FURTHER, I WILL NOT HAVE THE RIGHT TO PARTICIPATE AS A REPRESENTATIVE OR MEMBER OF ANY CLASS OF CLAIMANTS PERTAINING TO ANY CLAIM SUBJECT TO ARBITRATION. EXCEPT AS SET FORTH BELOW, THE ARBITRATOR'S DECISION WILL BE FINAL AND BINDING. I UNDERSTAND THAT OTHER RIGHTS THAT I WOULD HAVE IF I WENT TO COURT MAY ALSO NOT BE AVAILABLE IN ARBITRATION. THE FEES CHARGED BY THE ARBITRATION ADMINISTRATOR MAY BE GREATER THAN THE FEES CHARGED BY A COURT.

There shall be no authority for any Claims to be arbitrated on a class action basis. Furthermore, an arbitration can only decide your or my Claim(s) and may not consolidate or join the claims of other persons that may have similar claims. There shall be no pre-arbitration discovery except as provided for in the applicable Arbitration Rules. Any arbitration hearing that I attend shall take place in the federal judicial district of my residence. At my written request, you will pay all fees up to $100.00 charged by the arbitration administrator for any Claim(s) asserted by me in the arbitration, after I have paid an amount equivalent to the fee, if any, for filing such Claim(s) in state or federal court (whichever is less) in the judicial district in which I reside. (If I have already paid a filing fee for asserting the Claim(s) in court, I will not be required to pay that amount again.) If I am required to pay any fees in excess of $100.00 to the arbitration administrator ("additional fees"), you will consider a request by me to pay all or part of the additional fees. To the extent that you do not approve my request, the Arbitrator will decide whether you or I will be responsible for paying any such additional fees. If the arbitrator issues an award in your favor, I will not be required to reimburse you for any of the fees you have previously paid to the administrator or for which you are responsible. Each party shall bear the expense of that party's attorneys', experts', and witness fees', regardless of which party prevails in the arbitration, unless applicable law and/or this Note gives a party the right to recover any of those fees from the other party.

This Arbitration Provision is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. Sections 1 et seq. The arbitrator shall apply applicable substantive law consistent with the FAA and applicable statute of limitations and shall honor claims of privilege recognized at law (and, at the timely request of any party, shall provide a brief written explanation of the basis for the award). In conducting the arbitration proceeding, the arbitrator shall not apply the federal or any state rules of civil procedure or rules of evidence. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. The arbitrator's decision will be final and binding, except for any right of appeal provided by the FAA and except that, if the amount in controversy exceeds $10,000.00, any party can appeal the award to a three-arbitrator panel administered by the arbitration administrator which shall reconsider de novo (i.e., without regard to the original arbitrator's findings) any aspect of the initial award requested by the appealing party. The decision of the panel shall be by majority vote. The costs of such an appeal will be borne by the appealing party regardless of the outcome of the appeal. You and I shall keep confidential any decision of an arbitrator made with respect to any Claim(s) arbitrated under this Arbitration Provision and, with the exception of disclosure to your or my attorneys, accountants, auditors, and other legal or financial advisors, shall not disclose such decision to any other person. This Arbitration Provision shall survive termination of this Note or any Prior Promissory Note, as well as the repayment of all amounts payable to you under the terms of this Note or any Prior Promissory Note. If any portion of this Arbitration Provision is deemed invalid or unenforceable under any law or statute consistent with the FAA, it shall not invalidate the remaining portions of this Arbitration Provision or the Note. In the event of a conflict or inconsistency between the applicable Arbitration Rules and this Arbitration Provision, this Arbitration Provision shall govern.

**Contacting Arbitration Administrators**

If I have a question about the arbitration administrators mentioned in this Arbitration Provision or would like to obtain a copy of their Arbitration Rules or fee schedules, I can contact them as follows: J.A.M.S./Endispute, 222 South Riverside Plaza, Suite 1850, Chicago, IL 60606, www.jams-endispute.com, (800) 352-5267, Financial Services Arbitration Rules and Procedures; National Arbitration Forum, P.O. Box 50191, Minneapolis, MN 55405, www.arbitration-forum.com, (800) 474-2371, Code of Procedure.

**R. ADDITIONAL AGREEMENTS**

1.   Use of Loan Proceeds - I will use the proceeds of my Loan subject to the terms of this Note only for my educational expenses (i) at an eligible Institution or (ii) relating to the Loan Program. The co-borrower (unless I am student for whose educational expenses the Loan is obtained) and/or cosigner, if any, will not receive any of the Loan proceeds. I authorize you, at your option, to disburse the proceeds of my Loan directly to the Institution that I designate or to me in periodic disbursements. The Institution is my agent for the purpose of receiving the proceeds of such Loan.

For purposes of paragraph R.1 "I", "we", and "my" refer only to borrower.

2.   Cancellation of Disbursements - If I am not satisfied with the terms of each disbursement as approved, I may cancel such disbursement. To cancel the disbursement, I will return the disbursement check not cashed to you within thirty (30) days after the Disbursement Date. If the disbursement was sent to the Institution or other third party, I will instruct the Institution or authorized party to return the disbursement proceeds to you within that thirty (30)-day period. I will notify you of this cancellation instruction. My timely cancellation of a disbursement will not terminate my obligations under this Note unless the cancelled disbursement is the first and only disbursement made under the terms of this Note.

3.   Obligations of Minors - I understand that I must repay this Note though I may be under eighteen (18) years of age when this Note is signed.

4.   Partial Payments; No Waiver of Rights - My responsibility for paying any Loan subject to the terms of this Note is unaffected by the liability of any other person to me or by your failure to notify me that a required payment has not been made. Without losing any of your rights under this Note, you may accept late or partial payments. I agree not to send payments marked "paid in full," "without recourse," or with other restrictions unless they are marked for special handling and sent to: Great Lakes Higher Education Corporation, Cash Operations, P.O. Box 2992, Milwaukee, WI 53201-2992. You may delay, or fail to exercise, or waive any of your rights on any occasion without losing your entitlement to exercise the right at any future time or on any notice, present this Note to me for payment or make protest of nonpayment to me before suing to collect on this Note if I am in default, and to the extent permitted by applicable law, I hereby waive any right I might otherwise have to require such actions.

5.   Governing Law; Choice of Forum - I understand and agree that (i) you are located in Ohio, (ii) that this Note will be entered into in Ohio and (iii) that your decision on whether to lend me money will be made in Ohio. CONSEQUENTLY, THE PROVISIONS OF THIS NOTE WILL BE GOVERNED BY FEDERAL LAWS AND THE LAWS OF THE STATE OF OHIO, WITHOUT REGARD TO CONFLICT OF LAWS RULES. I agree that any suit I bring against you (or against any subsequent holder of this Note) must be brought in a court of competent jurisdiction in the county in which you maintain your (or the county in which the subsequent holder maintains its) principal place of business.

6.   Assignment - I may not assign this Note or any of its benefits or obligations. You may assign this Note at any time.

7.   Entire Agreement - The terms and conditions set forth in this Note constitute the entire agreement between you and me.

8.   Modifications - All or any provision of this Note may be modified only if jointly agreed upon in writing by you and me. Any modification will not affect the validity or enforceability of the remainder (if any) of this Note. If all of my Loans subject to the terms of this Note are consolidated under the terms of a new master student loan promissory note relating to loans obtained under the Loan Program that I have signed, such new note will supersede and replace this Note.

9.   Severability - If any provision of this Note is held invalid or unenforceable, that provision shall be considered omitted from this Note without affecting the validity or enforceability of the remainder of this Note.

10.  Joint and Individual Liability - If more than one person signs this Note, I agree to be fully responsible for payment of this Note, and you may collect from me without trying to collect from other signers. You can extend or change the terms of payment and release any security without notifying me or releasing me from my responsibility on this Note.

11.  Loan Charges - If the charges on any Loan subject to the terms of this Note exceed the amount permitted to be charged by the law that governs this Note, then such charges will be reduced to such permitted amount and any excess already collected will be applied as partial prepayment of principal.

12.  I acknowledge that by signing this Note, I am requesting that you will disburse the funds on my behalf either directly to the Institution or via check made payable to the Institution. I understand and acknowledge that the lender, any subsequent holder or their agents do not in any way endorse, promote or make any representations concerning any Institution, including but not limited to the Institution listed in the Application. It is my (our) responsibility to determine the quality of the Institution.

**S. MY CERTIFICATION**

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I certify that the information contained or included in my Application for any Loan subject to the terms of this Note is true, complete, and correct to the best of my knowledge and belief and is made in good faith. I, also, certify that all proceeds of any such Loan will be used solely for educational expenses and/or other expenses relating to the Loan Program. I authorize any lender, subsequent holder, or their agents, the student(s) may attend to release to the Loan subject to the terms of this Note (e.g., employment, enrollment status, prior loan history, current address). I give you permission to request information from me and to make whatever inquiries you consider necessary and appropriate (including requesting and obtaining a consumer report from consumer reporting agencies) in

Date: October 21, 2004

Borrower Name: Matt C. Kilgore

Cosigner Name: Christine M. Kilgore

Borrower Social Security Number ████████8469

Cosigner Social Security Number ████████0961

considering granting such Loan or disbursements under such Loan and for the purpose of any updates, renewals, or extensions of such Loan, or for the collection of my Loan, or for any other lawful purpose. I also authorize the lender, subsequent holder or their agents to check my credit and employment history and to answer questions about their credit experience with me. I also authorize the lender, subsequent holder, institution, or their agent(s) to make inquires or to respond to inquires from my (or, if I am not the student, the student's) parents or prior or subsequent lenders or holders with respect to this Note and related documents. For the purpose of learning my current address and telephone number, I authorize the lender, subsequent holder, or their agents to release information and make inquires to the individuals I have listed on my Application as references. I authorize my lender, subsequent holder or their agents to advise my Institution of the status of my Application or of any such Loan. I may ask you or a subsequent holder to change the date of disbursement if the Educational Institution requires different payments. I further authorize any lender or any holder of my outstanding educational loans to release any information on any of my outstanding educational loans to any other lender or holder of any of my other educational loans. I understand that I must immediately repay any funds that I receive that cannot reasonably be attributed to

meeting my educational expenses related to attendance at an eligible Institution and/or other expenses relating to the Loan Program. At my lender's option, I understand that my lender may electronically transmit funds to the Institution to be applied to my for, if I am not the student, the student's) account. I authorize my lender to issue a check made payable to me (or, if I am not the student, the student), or jointly payable to the Institution and me (or, if I am not the student, the student), and send it to the Institution. I certify that I am (and that, if I am not the student, student is) eligible for participation in the Loan Program and that I understand the provisions of this Note and my responsibilities and my rights under the Loan Program. I also certify that I have not filed for bankruptcy in the past seven years.

KeyBank National Association

By: _Beth D. Rosenberg_

Beth D. Rosenberg, President
127 Public Square, Cleveland, Ohio 44114-1306

---

CAUTION IT IS IMPORTANT THAT I THOROUGHLY READ THE CONTRACT BEFORE I SIGN IT.
NOTICE TO CONSUMER/CUSTOMER:
(a) I WILL NOT SIGN THIS AGREEMENT/NOTE BEFORE I READ IT (EVEN IF OTHERWISE ADVISED).
(b) I WILL NOT SIGN THIS AGREEMENT/NOTE IF IT CONTAINS ANY BLANK SPACES.
(c) I AM ENTITLED TO AN EXACT COPY OF ANY AGREEMENT I SIGN.
(d) I HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT/NOTE WITHOUT PENALTY.
(e) I UNDERSTAND THAT THE MASTER STUDENT LOAN PROMISSORY NOTE GOVERNING MY LOAN CONTAINS AN ARBITRATION PROVISION UNDER WHICH CERTAIN DISPUTES (AS DESCRIBED IN THE ARBITRATION PROVISION) BETWEEN ME AND YOU AND/OR CERTAIN OTHER PARTIES WILL BE RESOLVED BY BINDING ARBITRATION, IF ELECTED BY ME OR YOU OR CERTAIN OTHER PARTIES. IF A DISPUTE IS ARBITRATED, THE PARTIES WILL NOT HAVE THE OPPORTUNITY TO HAVE A JUDGE OR JURY RESOLVE IT AND OTHER RIGHTS MAY BE SUBSTANTIALLY LIMITED.
I acknowledge that I have received a copy of this Note, Notices and all Cosigner Notices.

Borrower's Signature _[signature]_   Date _Nov. 2, 2004_   Social Security Number _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_

Cosigner's Signature _Christine Kilgore_   Date _Nov 2, 2004_   Social Security Number _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_

REDACTED

Sign and mail Note to: Key Alternative Loan, c/o Great Lakes, P.O. Box 182736, Columbus, OH 43218-2736

**YOU MUST RETURN ALL PAGES OF THIS SIGNED PROMISSORY NOTE**

Page 5 of 7

Baldwin Exhibit A, p. 5

Date: October 21, 2004

Borrower Name: Matt C. Kilgore

Cosigner Name: Christine M. Kilgore

Borrower Social Security Number:  8469

Cosigner Social Security Number: 0961

 **REDACTED**

# CALIFORNIA RESIDENTS COSIGNER NOTICE

## NOTICE TO COSIGNER (Traducción en Inglés Se Requiere Por La Ley)

You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.

The creditor can collect this debt from you without first trying to collect from the borrower. The creditor can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of *your* credit record.

This notice is not the contract that makes you liable for the debt.

## AVISO PARA EL FIADOR (Spanish Translation Required By Law)

Se le está pidiendo que garantice esta deuda. Piénselo con cuidado antes de ponerse de acuerdo. Si la persona que ha pedido este préstamo no paga la deuda, usted tendrá que pagarla. Esté seguro de que usted podrá pagar si sea obligado a pagarla y de que usted desea aceptar la responsabilidad.

Si la persona que ha pedido el préstamo no paga la deuda, es posible que usted tenga que pagar la suma total de la deuda, mas los cargos por tardarse en el pago o el costo de cobranza, lo cual aumenta el total de esta suma.

El acreedor (financiero) puede cobrarle a usted sin, primeramente, tratar de cobrarle al deudor. Los mismos metodos de cobranza que pueden usarse contra el deudor, podran usarse contra usted, tales como presentar una demanda en corte, quitar parte de su sueldo, etc. Si alguna vez no se cumpla con la obligación de pagar esta deuda, se puede incluir esa información en la historia de credito de usted.

Este aviso no es el contrato mismo en que se le echa a usted la responsabilidad de la deuda.

11-2-04
(Date)

*Christine Kilgore*
(Cosigner Signature)

Baldwin Exhibit A, p. 6

OCT-1-2004  15:24  FROM:MACK WALLBED SYSTEMS 7077627997        TO:15106325000        P.4

Applicant's Name: (First & Last)  _Matt Kilgore_____

## Personal References: Please list four, all must have COMPLETE Addresses, with City, State and Zip Code.
### (Physical address only, P.O. Box NOT acceptable.)
To Qualify as a Personal Reference the persons listed must have known the applicant for at least one (1) year
and cannot reside at the same address.

| Name: | Address: |
|---|---|
| Aaron Boyd | Street: 135 N. O St |
| Home Phone# | City: Livermore   State CA   Zip Code 94551 |
| (925)-245-1550 | |
| Name: | Address: |
| Aaron Hakeem | Street: 260 Troon Ct. |
| Home Phone# | City: Vacaville   State CA   Zip Code 95687 |
| (707) 469-6858 | |
| Name: | Address: |
| Ed Kilgore | Street: 116 Rose Petal Ct. |
| Home Phone # | City: Petaluma   State CA   Zip Code 94954 |
| Name: | Address: |
| Chris Kilgore | Street: 1548 Cabernet Cir. |
| Home Phone # | City: Santa Rosa   State CA   Zip Code 95403 |

If you have any personal accomplishments, special skills or training that you would like us to know prior
to an interview please list on a separate sheet of paper.

3.

Baldwin Exhibit A, p. 7

# EXHIBIT B

# EXHIBIT B

# Key Alternative Loan Program

Date: October 05, 2004

Borrower Name: William B. Fuller

Cosigner Name:

Borrower Social Security Number: ▇▇▇ 9347  **REDACTED** 

Cosigner Social Security Number:

## MASTER STUDENT LOAN PROMISSORY NOTE
No white-outs or scratch-outs of terms will be accepted on this Promissory Note.

**A. IDENTIFICATION OF PARTIES AND TERMS**
In this Application/Master Student Loan Promissory Note, unless otherwise provided, the words "I," "we," "our," "us," "me," "my," and "mine" mean the person(s) who signed this Application/Master Student Loan Promissory Note as borrower, co-borrower, and/or cosigner. "You," "your," "yours," and "lender" mean KeyBank National Association, Cleveland, Ohio, or its successors and assigns, and any other holder of this Master Student Loan Promissory Note. Terms in initial capital letters in this Note have the definitions set forth in Paragraph D or elsewhere in this Note, unless otherwise noted.

**B. PROMISE TO PAY; CONSOLIDATION; AGGREGATING BALANCES**
This is a consumer credit transaction. I promise to pay to your order or to any subsequent holder all principal sums disbursed under the terms of this Note and, in addition, interest on such principal sums, interest on any Capitalized Interest, and other charges and fees that may become due as provided in this Note. I will pay all of these amounts to you at the address shown in my coupon book. I understand and agree that you may make multiple Loans to me under the KeyBank National Association Loan Program listed in Paragraph D.10 ("the Loan Program") subject to the terms of this Note. I understand and agree that this Note sets forth the terms and conditions applicable to all Loans made to me under the Loan Program on or after the date of this Note and before the date of any subsequent master student loan promissory note relating to loans obtained under the Loan Program that I have signed. I understand and agree that, for the first Loan that I obtain subject to the terms of this Master Student Loan Promissory Note, in addition to this Master Student Loan Promissory Note, I will receive a Disclosure Statement. I further understand and agree that I will not receive a new master student loan promissory note for any additional Loan(s) that I may obtain under the Loan Program unless I am required to sign a new master student loan promissory note because of the nature of the modifications of the terms of this Master Student Loan Promissory Note or any subsequent master student loan promissory note relating to loans obtained under the Loan Program that I have signed. I will receive a new Disclosure Statement with respect to each such new Loan. In addition, I understand and agree that, at your option, you may consolidate any or all of the following into one Loan subject to the terms of this Note: (i) any loan(s) that I have in effect under the Loan Program before the date of this Note and (ii) any Loan(s) that I may obtain under the Loan Program on or after the date of this Note and before the date of any subsequent master student loan promissory note relating to loans obtained under the Loan Program that I have signed.
I also understand and agree that, at your option, whether or not my Loan(s) subject to the terms of this Note or any loans that I have in effect under the Loan Program before the date of this Note have been consolidated, you may aggregate the total outstanding balance of each such Loan and loan prior to repayment solely for purposes of determining my monthly payment amount and repayment term. In that event, you will determine my monthly payment amount and repayment term based on the terms of my most recent Loan made under the Loan Program.

**C. GENERAL PROVISIONS; AUTHORITY NOT TO MAKE LOANS OR DISBURSEMENTS; WRITINGS; SIGNATURES**
1 When you receive my signed Note, you are not agreeing to lend me money and there will be no such agreement until the time you make the first disbursement on the Loan. Based on your evaluation of my credit qualifications, which you may conduct as part of your review of my Application or at any time during the term of any Loan(s) that I obtain subject to the terms of this Note, you have the right not to make a Loan or a disbursement on a Loan or to lend an amount less than the Amount Requested. I agree to accept an amount less than the Amount Requested and to repay that portion of the Amount Requested that you actually lend to me, plus interest on such principal sums, interest on any Capitalized Interest, and other charges and fees that may become due as provided in this Note.
2. All Applications, Disclosure Statements, and separate Cosigner Notices (if any) relating to any Loan subject to the terms of this Note are incorporated in and made a part of this Note.
3. If, under this Note, an act or agreement must be "written" or in "writing," an act or agreement performed or provided by means of electronic communication will be considered to be "written" or in "writing," as the case may be. If, under this Note, a document must be "signed," a digital or electronic signature that complies with applicable federal law requirements or (in the case of the lender) a pre-affixed facsimile signature will meet this requirement.
4. After you decide to make a Loan to me, you will send me a Disclosure Statement. In addition to other information, the Disclosure Statement will tell me the amounts of my disbursements and the amount of any loan fee
5. I will review my Disclosure Statement upon receiving it and will contact you if I have any questions.
6. Unless I choose to have my monthly payments automatically debited, I will

receive a coupon book on any Loan(s) subject to the terms of this Note. For purposes of this Paragraph C.6, "I" refers only to the borrower.

**D. DEFINITIONS**
1. Amount Requested - means the dollar amount of the Loan requested at the time of my Application.
2. Application - means the written or oral request that I make to you for a Loan under the Loan Program.
3. Capitalized Interest - means accrued and unpaid interest that has been added to the principal balance of a Loan.
4. Cosigner Notice - means any notice that describes the obligations of a cosigner under this Note and that is signed by my cosigner with respect to any Loan that I obtain subject to the terms of this Note under the Loan Program.
5. Disbursement Date - means any date on which you lend money to me in consideration of this Note and will be the date shown on my Loan check or the date the Loan funds are electronically transferred to my Institution.
6. Disclosure Statement - means a disclosure statement setting forth the information required by the federal Truth-in-Lending Act and Federal Reserve Board Regulation Z, 12 C.F.R. Part 226, or such other disclosure statement that you may provide when a disclosure statement is not required under this Act and Regulation Z.
7. Institution - means the educational institution, if any, to which the proceeds of my Loan(s) are payable.
8. Interim Period - means the period beginning on the initial Disbursement Date and ending on the date which is six (6) months after I graduate from, or otherwise cease to be enrolled at least half-time at the Institution identified at the time of my Application or any other eligible Institution.
9. Loan - means all principal sums disbursed during the twelve (12)-month term of an academic year of the Loan Program (as such year is designated by you) under the terms of this Note, plus interest on such principal sums, interest on any Capitalized Interest, and other charges and fees that may become due under the Loan as provided in this Note.
10. KeyBank National Association Loan Program ("Loan Program") - means the Key Alternative Loan® program.
11. Note - means this Master Student Loan Promissory Note setting forth the terms applicable to all Loans that I have in effect under the Loan Program before the date of this Note (that you have agreed to consolidate into this Note) and that I may obtain under the Loan Program on or after the date of this Note. The term "Note," as used in this Master Student Loan Promissory Note, includes the Applications, Disclosure Statements, and Cosigner Notices (if applicable) relating to all Loans that I obtain subject to the terms of this Note, unless otherwise provided.
12. Repayment Period - means the period beginning on the day after the Interim Period ends and continuing for one hundred and twenty (120) months if the total principal balance of my loans under the Loan Program and my Loans subject to the terms of this Note is less than $15,000, one hundred and eighty (180) months if the total principal balance of my loans under the Loan Program and my Loans subject to the terms of this Note is equal to or greater than $15,000 and less than $60,000, or two hundred and forty (240) months if the total principal balance of my loans under the Loan Program and my Loans subject to the terms of this Note is equal to or greater than $60,000. The length of the Repayment Period is subject to limitations on the period of repayment under applicable law.

**E. INTEREST**
1. Accrual - Interest on this Note will accrue at an interest rate equal to the Variable Rate. Interest begins to accrue on the initial Disbursement Date and will continue to accrue until the entire principal balance and all other amounts are paid in full. Interest will accrue on the unpaid principal balance to the extent it is disbursed to me or paid on my behalf, and on Capitalized Interest and any other fees added to the principal balance in accordance with the terms of this Note. Interest will be calculated on the basis of the actual number of days in the year and the actual number of days elapsed, including holidays and days on which you are not open for the conduct of banking business. If I do not pay interest to you during any Interim Period, at your option, you may add such interest to the principal balance of the Loan in accordance with Paragraph E.4.
2. Variable Rate - During any Interim Period, the annual variable interest rate (the "Variable Rate") is equal to the Current Index, plus an "Interim Margin" not to exceed 3.85%. During any Repayment Period, the Variable Rate is equal to the Current Index, plus a "Repayment Margin" not to exceed 3.85%. The Variable Rate may increase or decrease and will be adjusted quarterly on the first day of each January, April, July, and October (the "Change Date") if the Current Index changes. In no event will the Variable Rate be more than the maximum rate permitted under applicable law.
3. Current Index - The "Current Index" is the three-month London Interbank Offered Rate ("LIBOR") published in the "Money Rates" section of *The Wall Street Journal*

KAL-NOTE-ONLY-04 KBNA
07/04

Baldin Exhibit B, p. 1

Date: October 05, 2004

Borrower Name: William B. Fuller

Cosigner Name:

Borrower Social Security Number: ██████9347    **REDACTED** 

Cosigner Social Security Number:

on the 20th day of the month preceding the applicable "Change Date" (e.g., December, March, June, and September), subject to the limitations herein. You will use the three-month LIBOR published on the 20th day of the preceding month without regard to the two-day delayed effective date. If the 20th day of the month is not a business day, the preceding business day will be used to determine the Current Index. For purposes of this Paragraph E.3, "business day" means any day the banks in New York and London are open for the transaction of business. You may round the "Current Index" higher to two decimal places. For example, 6.68751% will be rounded to 6.69%. (This is an example and may not be reflective of the actual LIBOR.) LIBOR is the British Banker's Association average of interbank offered rates for dollar deposits in the London market based on quotations at 16 major banks. LIBOR is merely a pricing index and is not necessarily the lowest interest rate index used by you or any other lender. If LIBOR is no longer available, you will choose a comparable index.

4. Capitalization - At your option, you may add all accrued and unpaid interest to the principal balance of my Loan, on the last day of any Interim Period, and on the last day of any period of forbearance. I agree to the addition of accrued and unpaid interest to the principal balance (the "compounding" of interest) as set forth in Paragraph E.1 and this Paragraph E.4.

F. TERMS OF REPAYMENT
1. Interim Period - I may, but am not required to, make payments of interest or principal during the Interim Period. You may add accrued unpaid interest that I do not pay during the Interim Period to the principal balance as set forth in Paragraphs E.1 and E.4.
2. Repayment Period - During the Repayment Period, I will make consecutive monthly payments in the indicated amounts by the payment due dates shown in my coupon book until I have paid all of the principal and interest and any other charges that I may owe under the Note.
3. Repayment Terms - I will repay my Loan in consecutive monthly installments of principal and interest. If my Variable Rate increases or decreases, so that the total amount I must pay to you increases or decreases, my monthly payment will stay the same but I will make more or fewer monthly payments than would otherwise be required. My monthly payment amount will not be changed unless my Variable Rate increases to the point where that amount will not repay my Loan in full within the maximum permissible Repayment Period. In that case, my monthly payment amount may be increased to the minimum payment that will do so. If this should happen, you will notify me of my new monthly payment amount. I understand that I may increase my monthly payment amount at any time.
4. Amounts Owing at the End of the Repayment Period - Since interest accrues daily upon the unpaid principal balance of my Loan, if I make payments after my payment due dates, I may owe additional interest and returned check/NSF fees. If I have not paid my late charges I will also owe additional amounts for those late charges and returned check /NSF fees. In such case, you will increase the amount of my last monthly payment amount to the amount necessary to repay my Loan in full.
5. Application of Payments - You may apply payments on any Loan in any manner that you determine within your sole discretion.
6. Minimum Payment - Notwithstanding any other provision of Paragraph F, if my required payment in any month is less than $50.00, at your request, I agree to pay $50.00 (principal and interest) or the unpaid balance, whichever is less.

G. LATE CHARGES AND/OR RETURNED PAYMENT/NSF FEES
On any Loan that I obtain subject to the terms of this Note:
1. Late Charges - I agree to pay a late charge if I fail to make any part of an installment payment within fifteen (15) days after it becomes due. I will pay only one late charge for an installment payment, regardless of the number of days it is late. The late charge may not exceed the lesser of $5.00 or 5.00% of the unpaid amount of the installment.
2. Returned Payment/NSF Fees - I agree to pay a returned payment/NSF fee of $20.00 on the next payment if my bank returns my payment or if any check or other instrument given for my payment is dishonored for any reason, in addition to the fees that my bank may assess.

H. RIGHT TO PREPAY
I have the right to prepay all or any part of my Loan(s) at any time without penalty. Prepayment of less than all of the outstanding balance of my Loan(s) will not reduce the amount of monthly payments or postpone the due date of monthly payments, but will reduce the number of payments I must make. In any event, I will not be entitled to a refund of any part of the interest or finance charge already paid.

I. FORBEARANCE
If I am unable to repay any of my Loans in accordance with the terms established under this Note, I may request that you modify these terms. I understand that such modification would be at your option. I understand that I will remain responsible for all interest accruing during any period of forbearance.

J. DEFAULT; WHOLE LOAN DUE
Subject to the limitations of applicable law, I will be in default under this Note and you have the right to (i) give me notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Note, are due and payable at once (subject to any applicable law that may give me a right

to cure my default) and (ii) cease to make further disbursements to me if:
1. I fail to make any monthly payment to you when due; or
2. I die; or
3. I break any of my other promises in this Note; or
4. Any bankruptcy proceeding is begun by or against me, or I assign any of my assets for the benefit of my creditors; or
5. I provide any false written statement in applying for any Loan subject to the terms of this Note or at any time during the term of any such Loan; or
6. I become insolvent; or
7. In your judgment, there is a significant lessening of my ability to repay any Loan subject to the terms of this Note; or
8. I am in default on any Loan subject to the terms of this Note I may already have with you, or on any such Loan I may have with you in the future.
My failure to receive a statement or coupon book does not relieve me of my responsibility and obligation of making the required payments for any Loan in accordance with the terms and conditions of this Note. If I am in default, I will be required to pay interest on any Loan accruing after default. The interest rate (Variable Rate) after default will be subject to adjustment in the same manner as before default.

K. COLLECTION COSTS
When and as permitted by applicable law, I agree to pay you reasonable amounts, including reasonable attorney's fees for any attorney who is not your regularly salaried employee and court and other collection costs, that you incur in enforcing the terms of this Note if I am in default.

L. NOTICES
1. I will send written notice to you, or any subsequent holder of this Note, within ten (10) days after any change in my name, address, telephone number, or institution enrollment status.
2. Any notice required to be given to me by you will be effective (i) when mailed by first class mail to the latest address you have for me or (ii) if I agree to receive notices and other communications electronically, when transmitted by electronic communication to the latest electronic mail address you have for me. Unless required by applicable law, you need not give a separate notice to the cosigner, if any.
3. State Law Notices - As required by law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations. A married applicant may apply for a separate account. I agree that the lender may obtain a consumer report (credit report) about me from a consumer reporting agency (credit bureau). Upon my request, I will be informed whether or not the lender obtained a consumer report about me, and if so, the name and address of the consumer reporting agency that furnished the report. If my Application is approved, subsequent consumer reports may be requested or used in connection with an update, renewal or extension of the credit for which I have applied. NEW JERSEY RESIDENTS: Because certain provisions of this Note are subject to applicable law, they may be void, unenforceable or inapplicable in some jurisdictions. None of these provisions, however, is void, unenforceable or inapplicable in New Jersey. OHIO RESIDENTS: The Ohio laws against discrimination require that all creditors make credit equally available to all credit worthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio civil rights commission administers compliance with this law. MARRIED WISCONSIN RESIDENTS: (a) My signature confirms that each Loan is being incurred in the interest of my marriage or family; (b) No provision of a marital property agreement, a unilateral statement under Section 766.59 or a court decree under Section 766.70 of the Wisconsin Statutes adversely affects the interest of the creditor unless the creditor, prior to the time credit is granted, is furnished a copy of the agreement, statement or decree or has actual knowledge of the adverse provision when the obligation to the creditor is incurred; (c) Unless the co-borrower or cosigner (if any) is my spouse, the lender is required to ask me to provide the name and address of my spouse. Unless I have provided such information at the time of my Application, I will provide such information by calling the lender at 800-539-5363 or writing to the lender at Key Education Resources, 745 Atlantic Avenue, Boston, MA 02111 within fifteen (15) days after the initial Disbursement Date of any Loan subject to the terms of this Note.

M. COSIGNER NOTICES
For purposes of these "Cosigner Notices" only, the words "you", "your," and "yours" mean the person(s) who signed this Note as a cosigner, and the word "bank" means KeyBank National Association, Cleveland, Ohio, or its successors and assigns, and any other holder of this Note.

## NOTICE TO COSIGNER: You are being asked to guarantee this debt.
Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility. You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount. The bank can collect this debt from you without first trying to collect from the borrower. The bank can use the same collection methods against you that

Baldin Exhibit B, p. 2

Date: October 05, 2004

Borrower Name: William B. Fuller

Cosigner Name:

Borrower Social Security Number: 9347

Cosigner Social Security Number: **REDACTED**

can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of your credit record. This notice is not the contract that makes you liable for the debt.

**ILLINOIS AND MICHIGAN RESIDENTS:** Notice to Cosigner: You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility. You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount. The bank can use the loan collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of your credit record. This notice is not the contract that makes you liable for the debt.

**NEW YORK RESIDENTS: NOTICE:** You agree to pay the debt identified below although you may not personally receive any property, services, or money. You may be sued for payment although the person who receives the property, services, or money is able to pay. You should know that the Total of Payments listed below does not include finance charges resulting from delinquency, late charges, repossession or foreclosure costs, court costs or attorney's fees, or other charges that may be stated in the note or contract. You will also have to pay some or all of these costs and charges if the note or contract, the payment of which you are guaranteeing, requires the borrower to pay such costs and charges. This notice is not the note, contract, or other writing that obligates you to pay the debt. Read that writing for the exact terms of your obligation.

**IDENTIFICATION OF DEBT(S) YOU MAY HAVE TO PAY**
Name of Debtor: The person(s) identified as the borrower and co-borrower at the time of Application.
Name of Creditor: KeyBank National Association, and its successors or assigns.
Date: The Date of this Note.
Kind of Debt: Education Loan
Total of Payments: The "Loan Amount Requested" identified at the time of Application plus interest as set forth in Paragraph E of this Note.
You acknowledge by your signature on this Note that you have been given a completed copy of this notice and of each writing that obligates you or the Debtor on this debt.

**VERMONT RESIDENTS: NOTICE TO COSIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.**
**N. COSIGNER OBLIGATIONS**
If I signed this Note as a cosigner, I hereby unconditionally guarantee payment of the borrower's and/or co-borrower's Loan(s) subject to the terms of this Note when due and in accordance with the terms of this Note. I waive notice of acceptance hereof, and waive all notices to which I might otherwise be entitled by law. I waive all suretyship defenses that might be available to me (including, without limitation, contribution, subrogation, and exoneration). I agree that the borrower may agree to any forbearance, extension, or other modification of the repayment schedule and that such agreement will be binding on me. Unless required by applicable law, it shall not be necessary for you to resort to or exhaust your remedies against the borrower and/or co-borrower before calling on me to make repayment. I acknowledge that I have read, understand, and agree to the terms of the Cosigner Notice(s) that appears in Paragraph N and that applies to me and, if I am a California or Iowa resident, to the terms of the separate state-specific cosigner notice incorporated in and made a part of this Note that applies to me.
**O. INFORMATION SHARING**
**Disclosure of Account Information:** You may share information within the KeyCorp family of companies as well as with unaffiliated third parties external to Key as described in your Privacy Policy. We specifically consent to you sharing information within the KeyCorp family of companies and with external unaffiliated third parties.
NOTE: If/we may elect to opt-out of information sharing, or may be automatically opted-out under our state law, as described in your Privacy Policy. If I/we are opted out, that election will override this consent to share, except for those instances in which you are otherwise permitted to share by law without our consent.
**P. DISCLOSURE OF ACCOUNT INFORMATION TO CONSUMER REPORTING AGENCIES; INACCURATE INFORMATION**
You are committed to furnishing complete and accurate information about credit accounts, including any Loan subject to the terms of this Note, to consumer reporting agencies. If the information you report about any of my Loans is inaccurate, I will write to: Great Lakes Higher Education Servicing Corporation, P.O. Box 7860, Madison, WI 53707-7860. In my correspondence I should include the following information: my social security number, Loan account number(s), a copy of my credit bureau reporting reflecting the inaccurate information, and my name, address, city, state and zip code.

**Q. ARBITRATION**
This Arbitration Provision sets forth the circumstances and procedures under which Claims (as defined below) may be arbitrated instead of litigated in court. This Arbitration Provision supersedes and replaces any existing arbitration provision between you and me.
This Arbitration Provision will apply to my Note or Prior Promissory Note (as defined below) unless I notify you in writing that I reject the Arbitration Provision within 60 days of signing my Note. The rejection notice should be sent to Key Education Resources-Arbitration, P.O. Box 55445, Boston, MA 02205-5445. The notice must include the borrower's name, the names of any co-borrower or cosigner and the Loan number(s) and must be signed by the borrower and the co-borrower or cosigner, if any. The rejection notice should not include any other correspondence. Calling the lender to reject the Arbitration Provision or providing notice by any other manner or format than as described above will not operate as a rejection of this Arbitration Provision and consequently this Arbitration Provision becomes part of this Note. Rejection of the Arbitration Provision does not serve as rejection of any other term or condition of this Note or Prior Promissory Note (as defined below) with the lender governing the Loan or loan.
For purposes of this Arbitration Provision, the words "you" and "your" shall mean KeyBank National Association, Cleveland, Ohio, third parties that have or may have had a relationship with you or me relating to the Loan Program (including, without limitation, any Institution or servicer of any Loan or any loan that I have or may have had in effect under the Loan Program before the date of this Note that is consolidated or the total outstanding balance of which is aggregated under Paragraph B)), any other holder of this Note or any prior promissory note relating to any loan that I have or may have had in effect under the Loan Program before the date of this Note and that is consolidated or the total outstanding balance of which is aggregated under Paragraph B ("Prior Promissory Note"), and all of their respective parents, wholly or majority owned subsidiaries, affiliates, predecessors, successors, assigns, employees, officers, and directors.
As used in this Arbitration Provision, the word "Claim" means any claim, dispute, or controversy between you and me arising from or relating to this Note, any Prior Promissory Note, or the relationships resulting from this Note or any Prior Promissory Note, including, without limitation, the validity, enforceability, or scope of this Arbitration Provision, this Note, or any Prior Promissory Note. "Claim" includes claims of every kind and nature, whether pre-existing, present, or future, including, without limitation, initial claims, counterclaims, cross-claims, and third-party claims, and claims based upon contract, tort, fraud and other intentional torts, constitution, statute, regulation, common law, and equity (including, without limitation, any claim for injunctive or declaratory relief). The word "Claim" is to be given the broadest possible meaning and includes, by way of example and without limitation, any claim, dispute, or controversy that arises from or relates to (a) any Loan subject to the terms of this Note or any loan that I have or may have had in effect under the Loan Program before the date of this Note and that is consolidated or the total outstanding balance of which is aggregated under Paragraph B, (b) the goods or services purchased with the proceeds of any such Loan or loan, (c) the financing of any such Loan or loan, (d) advertisements, promotions, or oral or written statements related to this Note, any Prior Promissory Note, any such Loan or loan, goods or services purchased with the proceeds of any such Loan or loan, or the terms of any such Loan or loan, (e) my application for any such Loan or loan and (f) the origination or servicing of any such Loan or loan or the origination of this Note or any Prior Promissory Note and (g) the collection of amounts owed by me to you.
This Arbitration Provision will not apply to Claims previously asserted, or that are later asserted, in lawsuits filed before the effective date of the Arbitration Provision or any prior arbitration provision between you and me, whichever is earlier. However, this Arbitration Provision will apply to all other Claims, even if the facts and circumstances giving rise to the Claims existed before the effective date of this Arbitration Provision.
Any Claim shall be resolved, upon the election of you or me, by binding arbitration pursuant to this Arbitration Provision and the applicable rules of either the J.A.M.S/Endispute or the National Arbitration Forum in effect at the time the Claim is filed (the "Arbitration Rules"). I may select one of these organizations to serve as the arbitration administrator if I initiate an arbitration against you or if either you or I compel arbitration of a Claim that the other party has brought in court. In addition, if you intended to initiate an arbitration against me, you will notify me in writing and give me twenty (20) days to select one of these organizations to serve as the arbitration administrator; if I fail to select an administrator within that twenty (20)-day period, you will select one. In all cases, the arbitrator(s) should be a lawyer with more than ten (10) years of experience or a retired judge. If for any reason the selected organization is unable or unwilling or ceases to serve as the arbitration administrator, I will have twenty (20) days to select a different administrator from the above list; if I fail to select a different administrator within that twenty (20)-day period, you will select one. In all cases, a party who has asserted a Claim in a lawsuit in court may elect arbitration with respect to any Claim(s) subsequently asserted in that lawsuit by any other party or parties.

Date: October 05, 2004

Borrower Name: William B. Fuller

Cosigner Name:

Borrower Social Security Number: 9347

Cosigner Social Security Number:

**REDACTED**

IF ARBITRATION IS CHOSEN BY ANY PARTY WITH RESPECT TO A CLAIM, NEITHER YOU NOR I WILL HAVE THE RIGHT TO LITIGATE THAT CLAIM IN COURT OR HAVE A JURY TRIAL ON THAT CLAIM, OR TO ENGAGE IN PRE-ARBITRATION DISCOVERY EXCEPT AS PROVIDED FOR IN THE APPLICABLE ARBITRATION RULES. FURTHER, I WILL NOT HAVE THE RIGHT TO PARTICIPATE AS A REPRESENTATIVE OR MEMBER OF ANY CLASS OF CLAIMANTS PERTAINING TO ANY CLAIM SUBJECT TO ARBITRATION. EXCEPT AS SET FORTH BELOW, THE ARBITRATOR'S DECISION WILL BE FINAL AND BINDING. I UNDERSTAND THAT OTHER RIGHTS THAT I WOULD HAVE IF I WENT TO COURT MAY ALSO NOT BE AVAILABLE IN ARBITRATION. THE FEES CHARGED BY THE ARBITRATION ADMINISTRATOR MAY BE GREATER THAN THE FEES CHARGED BY A COURT.

There shall be no authority for any Claims to be arbitrated on a class action basis. Furthermore, an arbitration can only decide your or my Claim(s) and may not consolidate or join the claims of other persons that may have similar claims. There shall be no pre-arbitration discovery except as provided for in the applicable Arbitration Rules. Any arbitration hearing that I attend shall take place in the federal judicial district of my residence. At my written request, you will pay all fees up to $100.00 charged by the arbitration administrator for any Claim(s) asserted by me in the arbitration, after I have paid an amount equivalent to the fee, if any, for filing such Claim(s) in state or federal court (whichever is less) in the judicial district in which I reside. (If I have already paid a filing fee for asserting the Claim(s) in court, I will not be required to pay that amount again.) If I am required to pay any fees in excess of $100.00 to the arbitration administrator ("additional fees"), you will consider a request by me to pay all or part of the additional fees. To the extent that you do not approve my request, the Arbitrator will decide whether you or I will be responsible for paying any such additional fees. If the arbitrator issues an award in your favor, I will not be required to reimburse you for any of the fees you have previously paid to the administrator or for which you are responsible. Each party shall bear the expense of that party's attorneys', experts', and witness fees, regardless of which party prevails in the arbitration, unless applicable law and/or this Note gives a party the right to recover any of those fees from the other party.

This Arbitration Provision is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. Sections 1 et seq. The arbitrator shall apply applicable substantive law consistent with the FAA and applicable statutes of limitations and shall honor claims of privilege recognized at law [and, at the timely request of any party, shall provide a brief written explanation of the basis for the award]. In conducting the arbitration proceeding, the arbitrator shall not apply the federal or any state rules of civil procedure or rules of evidence. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. The arbitrator's decision will be final and binding, except for any right of appeal provided by the FAA and except that, if the amount in controversy exceeds $10,000.00, any party can appeal the award to a three-arbitrator panel administered by the arbitration administrator which shall reconsider de novo (i.e., without regard to the original arbitrator's findings) any aspect of the initial award requested by the appealing party. The decision of the panel shall be by majority vote. The costs of such an appeal will be borne by the appealing party regardless of the outcome of the appeal. You and I shall keep confidential any decision of an arbitrator made with respect to any Claim(s) arbitrated under this Arbitration Provision and, with the exception of disclosure to your or my attorneys, accountants, auditors, and other legal or financial advisors, shall not disclose such decision to any other person.

This Arbitration Provision shall survive termination of this Note or any Prior Promissory Note, as well as the repayment of all amounts payable to you under the terms of this Note or any Prior Promissory Note. If any portion of this Arbitration Provision is deemed invalid or unenforceable under any law or statute consistent with the FAA, it shall not invalidate the remaining portions of this Arbitration Provision or the Note. In the event of a conflict or inconsistency between the applicable Arbitration Rules and this Arbitration Provision, this Arbitration Provision shall govern.

**Contacting Arbitration Administrators**
If I have a question about the arbitration administrators mentioned in this Arbitration Provision or would like to obtain a copy of their Arbitration Rules or fee schedules, I can contact them as follows: J.A.M.S./Endispute, 222 South Riverside Plaza, Suite 1850, Chicago, IL 60606, www.jams-endispute.com, (800) 352-5267; Financial Services Arbitration Rules and Procedures; National Arbitration Forum, P.O. Box 50191, Minneapolis, MN 55405, www.arbitration-forum.com, (800) 474-2371, Code of Procedure.

**R. ADDITIONAL AGREEMENTS**
1. Use of Loan Proceeds - I will use the proceeds of any Loan subject to the terms of this Note only for my educational expenses (i) at an eligible Institution or (ii) relating to the Loan Program. The co-borrower (unless I am student for whose educational expenses the Loan is obtained) and/or cosigner, if any, will not receive any of the Loan proceeds. I authorize you, at your option, to disburse the proceeds of my Loan directly to the Institution that I designate or to me in periodic disbursements. The Institution is my agent for the purpose of receiving the proceeds of such Loan.

For purposes of paragraph R.1. "I", "we", and "my" refer only to borrower.
2. Cancellation of Disbursements - If I am not satisfied with the terms of each disbursement as approved, I may cancel each disbursement. To cancel the disbursement, I will return the disbursement check not cashed to you within thirty (30) days after the Disbursement Date. If the disbursement was sent to the Institution or other third party, I will instruct the Institution or authorized party to return the disbursement proceeds to you within this thirty (30)-day period. I will notify you of this cancellation instruction. My timely cancellation of a disbursement will not terminate my obligations under this Note unless the cancelled disbursement is the first and only disbursement made under the terms of this Note.
3. Obligations of Minors - I understand that I must repay this Note though I may be under eighteen (18) years of age when this Note is signed.
4. Partial Payments; No Waiver of Rights - My responsibility for paying any Loan subject to the terms of this Note is unaffected by the liability of any other person to me or by your failure to notify me that a required payment has not been made. Without losing any of your rights under this Note, you may accept late or partial payments. I agree not to send payments marked "paid in full," "without recourse," or with other restrictions unless they are marked for special handling and sent to: Great Lakes Higher Education Corporation, Cash Operations, P.O. Box 2992, Milwaukee, WI 53201-2992. You may delay, or fail to exercise, or waive any of your rights on any occasion without losing your entitlement to exercise the right at any future time or on any future occasion. You will not be obligated to make any demand upon me, send me any notice, present this Note to me for payment or make protest of nonpayment to me before suing to collect on this Note if I am in default, and to the extent permitted by applicable law, I hereby waive any right I might otherwise have to require such actions.
5. Governing Law; Choice of Forum - I understand and agree that (i) you are located in Ohio, (ii) that this Note will be entered into in Ohio and (iii) that your decision on whether to lend me money will be made in Ohio. CONSEQUENTLY, THE PROVISIONS OF THIS NOTE WILL BE GOVERNED BY FEDERAL LAWS AND THE LAWS OF THE STATE OF OHIO, WITHOUT REGARD TO CONFLICT OF LAWS RULES. I agree that any suit I bring against you (or against any subsequent holder of this Note) must be brought in a court of competent jurisdiction in the county in which you maintain your (or the county in which the subsequent holder maintains its) principal place of business.
6. Assignment - I may not assign this Note or any of its benefits or obligations. You may assign this Note at any time.
7. Entire Agreement - The terms and conditions set forth in this Note constitute the entire agreement between you and me.
8. Modifications - All or any provision of this Note may be modified only if jointly agreed upon in writing by you and me. Any modification will not affect the validity or enforceability of the remainder (if any) of this Note. If all of my Loans subject to the terms of this Note are consolidated under the terms of a new master student loan promissory note relating to loans obtained under the Loan Program that I have signed, such new note will supersede and replace this Note.
9. Severability - If any provision of this Note is held invalid or unenforceable, that provision shall be considered omitted from this Note without affecting the validity or enforceability of the remainder of this Note.
10. Joint and Individual Liability - If more than one person signs this Note, I agree to be fully responsible for payment of this Note, and you may collect from me without trying to collect from other signers. You can extend or change the terms of payment and release any security without notifying me or releasing me from my responsibility on this Note.
11. Loan Charges - If the charges on any Loan subject to the terms of this Note exceed the amount permitted to be charged by the law that governs this Note, then such charges will be reduced to such permitted amount and any excess already collected will be applied as partial prepayment of principal.
12. I acknowledge that by signing this Note, I am requesting that you will disburse the funds on my behalf either directly to the Institution or via check made payable to the Institution. I understand and acknowledge that the lender, any subsequent holder or their agents do not in any way endorse, promote or make any representations concerning any Institution, including but not limited to the Institution listed in the Application. It is my (our) responsibility to determine the quality of the Institution.

**S. MY CERTIFICATION**
I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I certify that the information contained or included in my Application for any Loan subject to the terms of this Note is true, complete, and correct to the best of my knowledge and belief and is made in good faith. I also, certify that all proceeds of any such Loan will be used solely for educational expenses and/or other expenses relating to the Loan Program. I authorize any Institution that I (or if I am not the student, the student) may attend to release to the lender, subsequent holder, or their agents, any requested information pertinent to any Loan subject to the terms of this Note (e.g., employment, enrollment status, prior loan history, current address). I give you permission to request information from me and to make whatever inquiries you consider necessary and appropriate (including requesting and obtaining a consumer report from consumer reporting agencies) in

Baldin Exhibit B, p. 4

Date: October 05, 2004

Borrower Name: William B. Fuller

Cosigner Name:

Borrower Social Security Number: ████ 9347  **REDACTED** 

Cosigner Social Security Number:

considering granting such Loan or disbursements under such Loan and for the purpose of any updates, renewals, or extensions of such Loan, reviewing or collection of my Loan, or for any other lawful purpose. I also authorize the lender, subsequent holder or their agents to check my credit and employment history and to answer questions about their credit experience with me. I also authorize the lender, subsequent holder, Institution, or their agent(s) to make inquires or to respond to inquiries from my (or, if I am not the student, the student's) parents or prior or subsequent lenders or holders with respect to this Note and related documents. For the purpose of learning my current address and telephone number, I authorize the lender, subsequent holder, or their agents to release information and make inquiries to the individuals I have listed on my Application as references. I authorize my lender, subsequent holder or their agents to advise my Institution of the status of my Application or of any such Loan. I may ask you or a subsequent holder to change the date of disbursement if the Educational Institution requires different payments. I further authorize any lender or any holder of my outstanding educational loans to release any information on any of my outstanding educational loans to any other lender or holder of any of my other educational loans. I understand that I must immediately repay any funds that I receive that cannot reasonably be attributed to

meeting my educational expenses related to attendance at an eligible Institution and/or other expenses relating to the Loan Program. At my lender's option, I understand that my lender may electronically transmit funds to the Institution to be applied to my (or, if I am not the student, the student's) account. I authorize my lender to issue a check made payable to me (or, if I am not the student, the student), or jointly payable to the Institution and me (or, if I am not the student, the student), and send it to the Institution. I certify that I am (and that, if I am not the student, the student is) eligible for participation in the Loan Program and that I understand the provisions of this Note and my responsibilities and my rights under the Loan Program. I also certify that I have not filed for bankruptcy in the past seven years.

KeyBank National Association

By: _Beth D. Rosenberg_
Beth D. Rosenberg, President
127 Public Square, Cleveland, Ohio 44114-1306

---

CAUTION - IT IS IMPORTANT THAT I THOROUGHLY READ THIS CONTRACT BEFORE I SIGN IT.
NOTICE TO CONSUMER/CUSTOMER:
(a) I WILL NOT SIGN THIS AGREEMENT/NOTE BEFORE I READ IT (EVEN IF OTHERWISE ADVISED).
(b) I WILL NOT SIGN THIS AGREEMENT/NOTE IF IT CONTAINS ANY BLANK SPACES.
(c) I AM ENTITLED TO AN EXACT COPY OF ANY AGREEMENT I SIGN.
(d) I HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT/NOTE WITHOUT PENALTY.
(e) I UNDERSTAND THAT THE MASTER STUDENT LOAN PROMISSORY NOTE GOVERNING MY LOAN CONTAINS AN ARBITRATION PROVISION UNDER WHICH CERTAIN DISPUTES (AS DESCRIBED IN THE ARBITRATION PROVISION) BETWEEN ME AND YOU AND/OR CERTAIN OTHER PARTIES WILL BE RESOLVED BY BINDING ARBITRATION, IF ELECTED BY ME OR YOU OR CERTAIN OTHER PARTIES. IF A DISPUTE IS ARBITRATED, THE PARTIES WILL NOT HAVE THE OPPORTUNITY TO HAVE A JUDGE OR JURY RESOLVE IT AND OTHER RIGHTS MAY BE SUBSTANTIALLY LIMITED.
I acknowledge that I have received a copy of this Note, Notices and all Cosigner Notices.

_W. Bruce Fuller_                    _10/9/04_              5-39-64-9347
Borrower's Signature                  Date                  Social Security Number

**REDACTED**

_____                _____              _____
Cosigner's Signature                  Date                  Social Security Number

---

Sign and mail Note to: Key Alternative Loan, c/o Great Lakes, P.O. Box 182736, Columbus, OH 43218-2736

**YOU MUST RETURN ALL PAGES OF THIS SIGNED PROMISSORY NOTE**

Baldin Exhibit B, p. 5

Applicant's Name: (First & Last) _Fuller , W. Bruce_

## Personal References: Please list four, all must have COMPLETE Addresses, with City, State and Zip Code.
(Physical address only, P.O. Box NOT acceptable.)

To Qualify as a Personal Reference the persons listed must have known the applicant for at least one (1) year
and cannot reside at the same address.

| Name: Harold Arnold | Address: |
| Street: 2168 old Hwy 99 SW |
| Home Phone# (360) 807-6576 | City: Centralia   State WA   Zip Code 98531 |

| Name: Frank Huckstep | Address: (Frank asked I use his P.O. Box. A physical Address or alternate reference is available on request |
| | Street: P.O. Box 2504 |
| Home Phone# this is Frank's cell. He is temporarily living w/friends pending Acquisition of a new Home. (360) 269-3692 | City: Longview   State WA   Zip Code 98632 |

| Name: KAREN Lenhart | Address: |
| | Street: 1002 "m" st #7 |
| Home Phone # (253) 572-1992 | City: Tacoma   State WA   Zip Code 98403 |

| Name: Glenn Dobbs | Address: |
| | Street: 22820 E. Clearwater Lane |
| Home Phone # (509) 255-5232 | City: Liberty Lake   State WA   Zip Code 99019 |

If you have any personal accomplishments, special skills or training that you would like us to know prior
to an interview please list on a separate sheet of paper.

3.

**KeyBank National Association Key Alternative Loan Program**
**Application/Promissory Note**

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this Application/Master Student Loan Promissory Note is subject to penalties which may include fines or imprisonment under the United States Criminal Code.

Do not complete this application without carefully reading the enclosed instruction sheet. Complete the Student Borrower and School Information fully. If you are applying with a cosigner, please have them fully complete the Cosigner Information. Type or print in ink. If any pre-printed information is incorrect, please draw a line through it and write your correction above or next to it. Do not use white-out on any item on the application and initial any changes. Processing of your Application/Promissory Note will be delayed if it is incomplete.

| FOR OFFICE USE ONLY | 279-KL | REDACTED | SOURCE CODE |
|---|---|---|---|

**1. Citizenship (check one):**
Notice to student: If you are an eligible non-citizen or permanent resident, you must have a Cosigner    Enter your INS Registration Card #

[X] U.S. Citizen or National    [ ] Eligible Non-Citizen    222

**2. Current Mailing Address:**
Name (Last, First, MI)  FULLER, WILLIAM B
Street  2532 SANTA CLARA AVENUE #383
City  ALAMEDA
State  CA  Zip Code  94501
Current Telephone  (510) 385-0441
Email Address (optional)

**3. Permanent U.S. Mailing Address (No P.O. Box Numbers):**
Street  2532 SANTA CLARA AVENUE #383
City  ALAMEDA
State  CA ... Zip Code  94501
Permanent Telephone  (510) 385-0441
E-Mail Address (optional)

**4. Social Security Number:**  0347  **REDACTED**

**5. Date of Birth:**  month 04  day 07  year 1958

**6. Personal Reference:**
You must provide one adult reference with a different U.S. address. Reference must be completed fully. Cannot be the borrower or cosigner.
Name  HAROLD ARNOLD  ARNOLD "A"
Permanent U.S. Street Address  2168 OLD HWY 99 SW
City/State/Zip Code  CENTRALIA, WA  98531
Telephone  (360) 807-8576

**7. School Name:**  SILVER STATE HELICOPTERS LLC

**8. School Address:**
Street  500 E CHEYENNE
City  NORTH LAS VEGAS
State  NV ... Zip Code  89030
Telephone  (702) 616-1967

**9. Title IV School Code:**  70034900
**10. Enrollment Status:**  [X] Full-time  [ ] At least half-time
**11. Grade Level:**  01

1 = First Year; 2 = Sophomore; 3 = Junior; 4 = Senior; 5 = 5th year Senior/Beyond
A = 1st Year Grad; B = 2nd Year Grad; C = 3rd Year Grad; D = 4th Year Grad

**12. Anticipated Graduation Date:**  month 10  day 01  year 2008

**13. Citizenship (check one):**  [ ] U.S. Citizen or National  [ ] Eligible Non-Citizen  Enter your INS Registration Card #

**14. Permanent U.S. Mailing Address (No P.O. Box Numbers):**
Name (Last, First, MI)
Street
City
State  Zip Code
Telephone
E-Mail Address (optional)

**15. Social Security Number:**

**16. Date of Birth:**  month  day  year

**17. Personal Reference:**
You must provide one adult reference with a different U.S. address. Reference must be completed fully. Cannot be the borrower or cosigner.
Name
Permanent U.S. Street Address
City/State/Zip Code
Telephone

**18. Current Employer's Name:**
Name

**19. Employer's Telephone Number:**
Wisconsin Residents Only: If you are applying for an individual loan or applying for a joint loan with someone who is not my spouse, I will combine my spouse financial information on this application.

**20. Monthly Gross Income:**
Additional Income: Alimony, child support, or separate maintenance income need not be revealed if you do not wish to have it considered as a basis for repaying this loan

| LOAN AMOUNT REQUESTED (minimum $500.00) | $ 55950.00 | Note: If you need help determining your maximum loan amount, please contact the financial aid office |
|---|---|---|

I, (we) understand that (1) consumer reports (credit reports) may be obtained in connection with my Key Alternative Loan Application, (2) if I request, I will be informed whether or not consumer reports are obtained, and (3) if reports are obtained, if I request, I will be informed of the names and addresses of the consumer reporting agencies (credit bureaus) that furnish the reports. If this application is approved, subsequent consumer reports may be requested or used in connection with an update, renewal, or extension of the credit for which I have applied.

I, (we) have completed this application to obtain credit, and certify that the above statements are true and complete. I (we) authorize you to check my (our) credit references and to obtain credit report(s). I (we) also authorize you to provide credit report(s), personal and financial information provided with this application and credit mortgage information arising from this transaction to the school listed above. I (we) authorize the school listed above to release to the lending institution, subsequent holder or their agents any requested information pertinent to this loan application (e.g. employment, enrollment status, prior loan history, current address). I certify that all proceeds of this loan will be used solely for educational purposes for the academic period stated in this application at the educational institution listed on this application.

Even if I (we) have elected to opt-out of information sharing or do so in the future, I (we) understand and agree this consent authorizes you to share this information for purposes of processing this application and servicing any resulting loan. To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify and record information that identifies each customer who opens an account. Therefore, all new and existing customers are subject to identity verification requirements. When a customer opens an account with any entity within the KeyCorp family of companies, we will ask for their name, address and identification number, and, in the case of an individual, his or her date of birth. For business accounts, we may also obtain this information for individuals associated with the business. We may also request to see a driver's license or other identifying documents. In all cases, Key is committed to protecting the privacy and identity of each of its customers. Borrower signature and cosigner signature (if applicable) are required on page 6.

## MASTER STUDENT LOAN PROMISSORY NOTE
No white-outs or scratch-outs of terms will be accepted on this Promissory Note.

**A. IDENTIFICATION OF PARTIES AND TERMS**
In this Application/Master Student Loan Promissory Note, unless otherwise provided, the words "I," "we," "our," "us," "me," "my," and "mine" mean the person(s) who signed this Application/Master Student Loan Promissory Note as borrower, co-borrower, and/or cosigner. "You," "your," "yours," and "lender" mean KeyBank

National Association, Cleveland, Ohio, or its successors and assigns, and any other holder of this Master Student Loan Promissory Note. Terms in initial capital letters in this Note have the definitions set forth in Paragraph D or elsewhere in this Note, unless otherwise noted.

(Rev 09/04)    ORIGINAL COPY    Baldin Exhibit B, p. 7    1

5. Governing Law; Choice of Forum - I understand and agree that (i) you are located in Ohio, (ii) that this Note will be entered into in Ohio and (iii) that your decision on whether to lend me money will be made in Ohio. CONSEQUENTLY, THE PROVISIONS OF THIS NOTE WILL BE GOVERNED BY FEDERAL LAWS AND THE LAWS OF THE STATE OF OHIO, WITHOUT REGARD TO CONFLICT OF LAWS RULES. I agree that any suit I bring against you (or against any subsequent holder of this Note) must be brought in a court of competent jurisdiction in the county in which you maintain your (or the county in which the subsequent holder maintains its) principal place of business.

6. Assignment - I may not assign this Note or any of its benefits or obligations. You may assign this Note at any time.

7. Entire Agreement - The terms and conditions set forth in this Note constitute the entire agreement between you and me.

8. Modifications - All or any provision of this Note may be modified only if jointly agreed upon in writing by you and me. Any modification will not affect the validity or enforceability of the remainder (if any) of this Note. If all of my Loans subject to the terms of this Note are consolidated under the terms of a new master student loan promissory note relating to loans obtained under the Loan Program that I have signed, such new note will supersede and replace this Note.

9. Severability - If any provision of this Note is held invalid or unenforceable, that provision shall be considered omitted from this Note without affecting the validity or enforceability of the remainder of this Note.

10. Joint and Individual Liability - If more than one person signs this Note, I agree to be fully responsible for payment of this Note, and you may collect from me without trying to collect from other signers. You can extend or change the terms of payment and release any security without notifying me or releasing me from my responsibility on this Note.

11. Loan Charges - If the charges on any Loan subject to the terms of this Note exceed the amount permitted to be charged by the law that governs this Note, then such charges will be reduced to such permitted amount and any excess already collected will be applied as partial prepayment of principal.

12. I acknowledge that by signing this Note, I am requesting that you will disburse the funds on my behalf either directly to the Institution or via check made payable to the Institution. I understand and acknowledge that the lender, any subsequent holder or their agents do not in any way endorse, promote or make any representations concerning any Institution, including but not limited to the Institution listed in the Application. It is my (our) responsibility to determine the quality of the Institution.

9. MY CERTIFICATION

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I certify that the information contained or included in my Application for any Loan subject to the terms of this Note is true, complete, and correct to the best of my knowledge and belief and is made in good faith. I, also, certify that all proceeds of any such Loan will be used solely for educational

expenses and/or other expenses relating to the Loan Program. I authorize any Institution that I (or if I am not the student, the student) may attend to release to the lender, subsequent holder, or their agents, any requested information pertinent to any Loan subject to the terms of this Note (e.g., employment, enrollment status, prior loan history, current address). I give you permission to request information from me and to make whatever inquiries you consider necessary and appropriate (including requesting and obtaining a consumer report from consumer reporting agencies) in considering granting such Loan or disbursements under such Loan and for the purpose of any updates, renewals, or extensions of such Loan, reviewing or collection of my Loan, or for any other lawful purpose. I also authorize the lender, subsequent holder or their agents to check my credit and employment history and to answer questions about their credit experience with me. I also authorize the lender, subsequent holder, Institution, or their agent(s) to make inquiries or to respond to inquiries from my (or, if I am not the student, the student's) parents or prior or subsequent lenders or holders with respect to this Note and related documents. For the purpose of learning my current address and telephone number, I authorize the lender, subsequent holder, or their agents to release information and make inquiries to the individuals I have listed on my Application as references. I authorize my lender, subsequent holder or their agents to advise my Institution of the status of my Application or of any such Loan. I may ask you or a subsequent holder to change the date of disbursement if the Educational Institution requires different payments. I further authorize any lender or any holder of my outstanding educational loans to release any information on any of my outstanding educational loans to any other lender or holder of any of my other educational loans. I understand that I must immediately repay any funds that I receive that cannot reasonably be attributed to meeting my educational expenses related to attendance at an eligible institution and/or other expenses relating to the Loan Program. At my lender's option, I understand that my lender may electronically transmit funds to the Institution to be applied to my (or, if I am not the student, the student's) account. I authorize my lender to issue a check made payable to me (or, if I am not the student, the student), or jointly payable to the Institution and me (or, if I am not the student, the student), and send it to the Institution. I certify that I am (and that, if I am not the student, the student is) eligible for participation in the Loan Program and that I understand the provisions of this Note and my responsibilities and my rights under the Loan Program. I also certify that I have not filed for bankruptcy in the past seven years.

KeyBank National Association

By: _Beth D. Rosenberg_

Beth D. Rosenberg, President
127 Public Square, Cleveland, Ohio 44114-1306

---

For the cosigner: I understand and acknowledge that by signing this Application/Master Student Loan Promissory Note I agree to pay to you all the amounts listed in Paragraph B for the first Loan and all subsequent Loans subject to the terms of the Master Student Loan Promissory Note.

I/We have read the Master Student Loan Promissory Note, including all state law notices, borrower certification and cosigner notices, if applicable, attached to this Application/Master Student Loan Promissory Note. I (we) promise to pay jointly and severally with the other signers below, to the lender or any other holder of this loan all sums disbursed under the terms of this Application/Master Student Loan Promissory Note, plus interest and all other charges, which may become due as provided by the Master Student Loan Promissory Note. The terms and conditions set forth in this Application/Master Student Loan Promissory Note constitute the entire agreement between you and me/us. I/We declare that the information provided is true and complete to the best of my/our knowledge and belief.

CAUTION – IT IS IMPORTANT THAT I THOROUGHLY READ THE CONTRACT BEFORE I SIGN IT.

NOTICE TO CONSUMER/CUSTOMER:

(a) I WILL NOT SIGN THIS AGREEMENT/NOTE BEFORE I READ IT (EVEN IF OTHERWISE ADVISED).
(b) I WILL NOT SIGN THIS AGREEMENT/NOTE IF IT CONTAINS ANY BLANK SPACES.
(c) I AM ENTITLED TO AN EXACT COPY OF ANY AGREEMENT I SIGN.
(d) I HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT/NOTE WITHOUT PENALTY.
(e) I UNDERSTAND THAT THE MASTER STUDENT LOAN PROMISSORY NOTE GOVERNING MY LOAN CONTAINS AN ARBITRATION PROVISION UNDER WHICH CERTAIN DISPUTES (AS DESCRIBED IN THE ARBITRATION PROVISION) BETWEEN ME AND YOU AND/OR CERTAIN OTHER PARTIES WILL BE RESOLVED BY BINDING ARBITRATION, IF ELECTED BY ME OR YOU OR CERTAIN OTHER PARTIES. IF A DISPUTE IS ARBITRATED, THE PARTIES WILL NOT HAVE THE OPPORTUNITY TO HAVE A JUDGE OR JURY RESOLVE IT AND OTHER RIGHTS MAY BE SUBSTANTIALLY LIMITED.

I acknowledge that I have received a copy of the Master Student Loan Promissory Note, Notices and all Cosigner Notices.

Borrower Signature _W Bruce Fuller_   Month/Day/Year _10/16/04_   Social Security Number _2347_ **REDACTED**

Cosigner Signature _____   Month/Day/Year _____   Social Security Number _____

CALIFORNIA AND IOWA RESIDENTS WITH A COSIGNER: You must read and sign the Cosigner notification page.
Married Wisconsin Residents: The lender is required to ask married residents of Wisconsin applying for an individual loan or a joint loan with someone who is not their spouse to give us the name and address of their spouse. Please provide that information and have your spouse sign below.

Name _____   Address _____

Wisconsin Spousal Consent Signature _____   Month/Day/Year _____

Sign and mail Application to: Key Alternative Loan, c/o Great Lakes, P.O. Box 182736, Columbus, OH 43218-2736

**YOU MUST RETURN ALL PAGES OF THE SIGNED APPLICATION/PROMISSORY NOTE**

ORIGINAL COPY

Baldin Exhibit B, p. 8

6