IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MATTHEW C. KILGORE, *et al.*,

    Plaintiffs,

v.

KEYBANK, NATIONAL ASSOCIATION, *et al.*,

    Defendants.

NO. C08-02958 TEH

ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

This matter comes before the Court on Plaintiffs' motion for leave to file an amended complaint. After carefully considering the parties' written arguments, the Court finds oral argument to be unnecessary and VACATES the hearing currently scheduled for December 21, 2009. The Court now GRANTS Plaintiffs' motion for the reasons discussed below.

**BACKGROUND**

Plaintiffs and putative class representatives Matthew C. Kilgore and William Bruce Fuller ("Plaintiffs") are California residents who enrolled in a helicopter flight academy operated in Oakland, California by Silver State Helicopters, LLC ("Silver State"). Plaintiffs allege that they – and the class of student loan borrowers they seek to represent – paid Silver State nearly $60,000 in tuition to be trained as commercial helicopter pilots, but failed to complete the educational program before Silver State filed for bankruptcy on February 4, 2008. Plaintiffs financed their tuition by obtaining student loans from KeyBank, National Association and its educational lending division, Key Education Resources (collectively "KeyBank"). They now seek to enjoin KeyBank and Great Lakes Educational Loan Services, Inc. ("Great Lakes") – which services their loans – from collecting the loans or reporting the loan balances to credit reporting agencies.

Plaintiffs instituted this putative class action in Alameda County Superior Court on May 12, 2008, against KeyBank and Great Lakes. Student Loan Xpress, Inc. ("SLX") and American Education Services ("AES") – which allegedly made and serviced loans to Silver State students – were added as defendants in a First Amended Complaint filed four days later. All defendants stipulated to allow Plaintiffs to file a Second Amended Complaint ("SAC"), which was filed on June 11, 2008. SLX removed the action to federal court on June 13.

The parties then engaged in mediation and stipulated to enlarge the time for responses to the complaint to be filed. Plaintiffs settled with SLX and dismissed SLX and AES from this action on October 23, 2009. The settlement disposed of approximately 80 percent of the class claims, as the majority of loans at issue were held by SLX and serviced by AES.

Mediation with KeyBank and Great Lakes (collectively "Defendants") was unsuccessful, and Defendants responded to the SAC on April 24, 2009 by moving to dismiss and to compel arbitration. The Court denied the motion to compel arbitration on July 8, 2009 – a ruling Defendants have appealed to the Ninth Circuit – and ordered the parties to agree upon a briefing schedule and hearing date for the motion to dismiss. On August 17, 2009, this matter was stayed except for document discovery and the motion to dismiss.

Defendants filed a new motion to dismiss on October 5, 2009, and noticed it for hearing on November 9, which the parties then stipulated to continue to December 21 to allow Plaintiffs time to complete settlement negotiations with SLX. The Court continued the hearing again to February 1, 2010, based on Plaintiffs' representation that they would move for leave to file an amended complaint. Plaintiffs did so on November 16, 2009, filing with the motion a copy of the proposed Third Amended Complaint ("TAC"). Plaintiffs filed a supplemental declaration on November 24, attaching a revised TAC to which an additional prayer for relief had been added. Defendants opposed the motion.

2

**LEGAL STANDARD**

Once a responsive pleading has been filed, the Federal Rules of Civil Procedure permit a party to amend its complaint "with the opposing party's written consent or the court's leave," which the court "should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend is ordinarily granted with "extreme liberality." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Four factors are considered in weighing the permissibility of amendment: "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). Whether to grant leave to amend is a matter of the district court's discretion. "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Webb*, 655 F.2d at 979.

**DISCUSSION**

Plaintiffs seek leave to file a TAC to address arguments raised by Defendants in their motion to dismiss. They assert that Defendants would not be prejudiced because no meaningful litigation has occurred until this point, and stress that they have never before sought to amend the complaint in response to a challenge by a defendant. Defendants counter that Plaintiffs have unduly delayed filing their TAC and insist that allowing amendment would result in prejudice.

Plaintiffs' SAC – the currently operative complaint – asserts that Defendants violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, aided and abetted the fraud perpetuated by Silver State, and violated the federal Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962 *et seq.* The claims are premised on KeyBank's alleged violation of the Federal Trade Commission's "Holder Rule," which requires sellers to include in consumer contracts a notice that any holder of the contract is subject to whatever claims or defenses the debtor could assert against the seller. 16 C.F.R.§§ 433.2(a) & (b). The Holder Rule provides that "it is an unfair or deceptive act

3

or practice" for a seller to (a) "[t]ake or receive a consumer credit contract," or (b) "[a]ccept . . . the proceeds of any purchase money loan" if the contract does not contain the required notice. *Id.* Plaintiffs allege that KeyBank, by intentionally omitting the Holder Notice from its student loan promissory notes and ensuring that Silver State left the notice off its contracts, is guilty of unlawful, unfair and fraudulent business practices. They seek only injunctive relief.

Plaintiffs now propose to amend their complaint to address some of the arguments raised by Defendants' motion to dismiss. Plaintiffs augment their fraud allegations to satisfy Federal Rule of Civil Procedure 9(b)'s requirement that the circumstances constituting fraud be pled with particularity. The TAC would add another prayer for relief, "to permanently enjoin KeyBank's unfair and deceptive acts and practices committed against the residents of the State of Calfornia." Supp. Decl. of Kevin F. Rooney, ¶ 3. Plaintiffs would eliminate the RICO claim, because – as Defendants pointed out – injunctive relief is unavailable in civil RICO actions brought by private parties. Finally, Plaintiffs propose to restructure the remaining two claims, for violating the UCL and aiding and abetting fraud, into six claims by breaking each specific violation into a distinct count.[1]

Defendants contend that Plaintiffs have flouted the July 17, 2009 deadline to amend the pleadings, and that Plaintiffs' motion may therefore be granted only "for good cause" because it would require modification of a scheduling order. Fed. R. Civ. P. 16(b)(4). However, the Court never adopted the July 17 deadline – which the parties proposed in joint case management statements filed on April 20 and August 10 – in a scheduling order. Therefore, Plaintiffs' motion is properly assessed under the liberal standards of Rule 15, rather than the stricter "good cause" requirement of Rule 16.

---

[1] The UCL provides remedies for "unfair competition," which is defined as "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The TAC would break down the UCL claim into four separate counts: two based on the "unlawful" prong (for violating 16 C.F.R. §§ 433.2(a) & 433.2(b)), one based on the "unfair" prong, and another based on the "fraud" prong. The claim for "aiding and abetting fraud" in the SAC would be converted to two counts under the UCL for aiding and abetting Silver State's unlawful violations of 16 C.F.R. §§ 433.2(a) and 433.2(b). The Court observes that the first four causes of action in Plaintiffs' proposed TAC misidentify the Holder Rule as appearing at 16 C.F.R. § 433.1, rather than at 16 C.F.R. § 433.2.

Defendants argue that the motion should be denied based on undue delay and prejudice. Defendants characterize the TAC as "inexcusably late." Defs.' Opp'n at 8. They argue that many of Plaintiffs' revisions are based on arguments Defendants first raised in their April 24, 2009 motion to dismiss, and that the TAC's new factual allegations were drawn from materials Plaintiffs received in April and July. Defendants also anticipate that the TAC will necessitate that they file another motion to dismiss, adding to the cost of the litigation.

Defendants' arguments are insufficient to surmount Rule 15's policy in favor of liberal amendment. Although it may be true that Plaintiffs could have moved for leave to amend earlier than they did, a delay of a few months is hardly undue. Furthermore, filing the TAC may in fact expedite the litigation by addressing issues preemptively, before the Court rules on Defendants' motion to dismiss. The only prejudice Defendants identify relates to the cost of filing another motion to dismiss; allowing amendment does not otherwise hamper their ability to defend this action. There is no evidence of bad faith, and no basis for concluding that amendment is futile. The *Foman* factors all weigh in favor of allowing leave to amend, which the Court therefore GRANTS.

**CONCLUSION**

For the reasons set forth above, Plaintiffs' motion for leave to amend is GRANTED. Plaintiffs shall file the Third Amended Complaint by Monday, December 21, 2009. The hearing on Defendants' motion to dismiss Plaintiffs' SAC, calendared for February 1, 2010, is VACATED as moot.

IT IS SO ORDERED.

Dated: 12/16/2009

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

5