**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MATTHEW C. KILGORE, *et al.*,

Plaintiffs,

v.

KEYBANK, NATIONAL ASSOCIATION, *et al.*,

Defendants.

NO. C08-2958 TEH

ORDER FOR SUPPLEMENTAL BRIEFING ON DEFENDANTS' MOTION TO DISMISS

The Court is in receipt of Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint and all subsequent briefing on the motion, which is noticed for hearing on March 29, 2010. Defendants urge the Court to dismiss this action based on a forum selection clause that requires any suit to be venued in Ohio and governed by Ohio law. The parties agree that enforcement of the forum selection clause is governed by *M/S Bremen v. Zapata Off-Shore Co.*, in which the Supreme Court concluded that a "contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." 407 U.S. 1, 15 (1972). Plaintiffs argue that California's policy barring arbitration of injunctive relief claims in consumer class actions meets that standard, a conclusion they claim this Court already reached in its Order Denying Motion to Compel Arbitration (Doc. 81).

Defendants' appeal of that order is currently pending before the Ninth Circuit. As a general rule, "the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the appellate court." *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990). However, "an appeal seeking review of collateral orders does not deprive the trial court of jurisdiction over other proceedings in the case, and an appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with

1 regard to the matters that are the subject of the appeal." *Id.* Where "the issue of arbitrability
2 [is] the only substantive issue presented in [an] appeal, the district court [is] not divested of
3 jurisdiction to proceed with the case on the merits." *Id.*

4 Defendants' appeal in this case questions whether this Court erred "in holding that
5 California law barred the arbitration of a private contractual dispute where injunctive relief is
6 sought." Appellants' Opening Br. at 1. This appears to be identical to one of Plaintiffs'
7 central arguments in opposition to the motion to dismiss – that California has a strong public
8 policy barring arbitration of injunctive relief claims in consumer class actions. Although the
9 parties have not questioned this Court's jurisdiction over the pending motion, the Court
10 raises this question *sua sponte* in light of the apparent identity of issues.

11 Therefore, with good cause appearing, IT IS HEREBY ORDERED that Plaintiffs and
12 Defendants shall each file supplemental briefs, on or before **March 15, 2010,** addressing
13 whether this Court can and should rule on Defendants' motion to dismiss before the Ninth
14 Circuit decides Defendants' pending appeal. Each brief shall not exceed five pages. The
15 parties shall be prepared to address the jurisdictional question, in addition to all other
16 arguments related to Defendants' motion to dismiss, at the March 29, 2010 hearing.

18 **IT IS SO ORDERED.**

20 Dated: 3/9/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

2