ANDREW A. AUGUST (SBN 112851)
(aaugust@pinnaclelawgroup.com)
KEVIN F. ROONEY (SBN 184096)
(krooney@pinnaclelawgroup.com)
PINNACLE LAW GROUP, LLP
425 California Street, Suite 1800
San Francisco, California 94104
Telephone: (415) 394-5700
Facsimile: (415) 394-5003

[Additional Counsel on Signature Page]

Attorneys for Plaintiffs Matthew C. Kilgore,
William Bruce Fuller

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MATTHEW C. KILGORE, *et al*.,<br><br>Plaintiffs,<br><br>vs.<br><br>KEYBANK, NATIONAL ASSOCIATION, *et al*.,<br><br>Defendants. | CASE NO. 08-cv-02958 TEH<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF TO DEFENDANTS' MOTION TO DISMISS**<br><br>Date: March 29, 2010<br>Time: 10:00 a.m.<br>Courtroom: Ctrm 12, 19th Floor<br>Judge: The Hon. Thelton E. Henderson |

Plaintiffs respectfully submit this Supplemental Brief in response to the Court's March 9, 2010 Order for Supplemental Briefing on Defendants' Motion to Dismiss.

**I. This Court Can and Should Rule on Defendants' Entire Motion to Dismiss Notwithstanding Defendants' Pending Ninth Circuit Appeal.**

In *Bennett v. Gemmill* (*In re Combined Metals Reduction Co*.), 557 F.2d 179, 200 (9th Cir. 1977), the court set forth the well-settled general rule that "once a notice of appeal has been filed, the lower court loses jurisdiction over the subject matter of the appeal." This general rule, however, refers discretely to a loss of jurisdiction over those aspects of the case involved in the

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

CASE NO. C08-02958 TEH
5033.001/00095203

1

PLAINTIFFS' SUPPLEMENTAL BREIF TO DEFENDANTS' MOTION TO DISMISS

appeal, and is a "judge-made doctrine designed to avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time." *Kern Oil & Refining Co. v. Tenneco Oil Co.,* 840 F.2d 730, 734 (9th Cir. 1988) (citation omitted). The divestment rule, therefore, is a rule of judicial economy and not one that strips the district court of subject matter jurisdiction. *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1411 (9th Cir. 1990). *See also*, *Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects*, 309 F.3d 1113, 1121 (9th Cir. 2002).

The only issue on appeal before the Ninth Circuit in this case is the arbitrability of Plaintiffs claims. The United States Supreme Court, in permitting concurrent litigation on the issue of arbitrability, has explained that the dispute over arbitrability is easily severable from the merits of the underlying dispute. *Moses H. Cone Memorial Hospital v. Mercury Construction*, 460 U.S. 1, 103 (1983). Under Ninth Circuit precedent, a district court is not divested of subject matter jurisdiction where its order denying a motion to compel arbitration is the subject of an interlocutory appeal. Rather, the district court can and should proceed with the case on the merits, unless in doing so it must enter an order or judgment that is inconsistent with the judgment or order being appealed. *Britton v. Co-op Banking Group,* 916 F.2d 1405, 1411-12 (9th Cir. 1990) (distinguishing *McClatchy Newspapers v. Central Valley Typo. Union No. 46*, 686 F.2d 731 (9th Cir. 1982).

As the Court's supplemental briefing order recognizes, California's fundamental policy - which directly conflicts with Ohio law - of barring arbitration of consumer class actions where only injunctive relief is sought[1], is also implicated by the forum selection and choice of law issues

---

[1] Contrary to KeyBank's Statement of The Issues in its Opening Appellate Brief, although this action arises out of a contract and implicates contract terms, it has never been a "private contractual dispute": Rather, it is and always has been a statutory-based action for unfair and deceptive acts and practices on behalf of a defined class of persons and the general public. Any doubt about this has been eliminated by the Third Amended Complaint.

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

presented by KeyBank's motion to dismiss. However, deciding these issues consistent with the Court's prior ruling and proceeding with the merits of the case during the pendency of the appeal will simply result in moving the case along consistent with the Court's view of the case as reflected in its order denying arbitration. *Britton, supra.* Put differently, a court is prevented from ruling on a matter that is the subject of an interlocutory appeal only if it must rule in a manner inconsistent with its prior determination. *Id.*

Here, there is no new authority that would or should cause the Court to reverse its prior ruling. To the contrary, now that Plaintiffs' have clarified in their Third Amended Complaint that from the inception of this action they have been pursing a public interest consumer class action, the Court's prior order is squarely in the bulls-eye of *Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1080 (9th Cir. 2007). Moreover, Plaintiffs' briefs in opposition to KeyBank's motion to compel arbitration and motion to dismiss articulate several separate and additional grounds (i.e., other than the policy barring arbitration of consumer class action injunctions) for rejecting the Ohio choice of law and forum selection clauses. These include the "fundamental" public policy requiring reciprocity in recovery of attorneys' fees, the fundamental policy against class action bans in consumer class actions and most importantly, the fundamental policy of the UCL where the predicate violation is of a federal regulation establishing "unfair or deceptive act(s) or practice(s)." *See* Plaintiffs Opposition to KeyBank's Motion to Compel Arbitration (Docket No. at pp 7-12) and Plaintiffs' Opposition to KeyBank's Motion to Dismiss (ECF Docket No. 136 at pp. 18-19 discussing *Cardonet, Inc. v. IBM Corp.*, 2007 WL 518909 (N.D. Cal. 2007) and *It's Just Lunch Int'l LLC v. Island Park Enter. Group, Inc.*, 2008 U.S. Dist. LEXIS 89194, 7-9 (C.D. Cal. 2008).

///

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

CASE NO. C08-02958 TEH
5033.001/00095203

3

PLAINTIFFS' SUPPLEMENTAL BREIF TO
DEFENDANTS' MOTION TO DISMISS

**II. At minimum, the Court Can and Should Rule on Defendants' Motion to Dismiss on the Preemption and UCL Issues.**

Even if the court is disinclined to rule on KeyBank's forum selection and choice of law arguments pending a ruling from the Ninth Circuit on the Order Denying KeyBank's Motion to Compel Arbitration, the Court can and should rule on the threshold legal issues posed by KeyBank's challenge to Plaintiffs' UCL claims and its preemption argument.

First, under *Britton,* there is no *per se* legal obstacle to the court exercising jurisdiction to consider the merits of the preemption and UCL issues. Moreover, not only has neither party sought a stay of the court's ruling on these issues, after conferring with each other in connection with this briefing, the parties agree that it is in the best interest of all concerned for the court to rule. The question of whether the Holder Rule applies to a creditor under the facts presented here and whether a violation of the Holder Rule as a predicate violation of the UCL is preempted under the National Bank Act are issues that have never been addressed by any court in the Ninth Circuit. Even if KeyBank's appeal is successful and the case is ordered to arbitration, the parties will benefit from the determination by the court of these issues by providing guidance to the arbitration tribunal and to the parties in their respective assessments of the merits of the case.

For the forgoing reasons, Plaintiffs respectfully request that the Court exercise its jurisdiction and issue a ruling on the issues presented by KeyBank's motion to dismiss.

DATED: March 15, 2010          PINNACLE LAW GROUP LLP


By: */s/ Andrew A. August*
        Andrew A. August
        Kevin F. Rooney

THE STURDEVANT LAW FIRM
James C. Sturdevant
Whitney Huston

Attorneys for Plaintiffs

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

CASE NO. C08-02958 TEH
5033.001/00095203

4

PLAINTIFFS' SUPPLEMENTAL BREIF TO DEFENDANTS' MOTION TO DISMISS